### No. 266
### STANIFORTH v. STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7772. Decided Feb. 21, 1927

308. CONVICTION—Where one is convicted in a lower court and case has been appealed and no final adjudication of same has been made, an indictment and conviction for a second offense will not be sustained, because offense means conviction and there has been no conviction upon the first offense.

First Publication of this Opinion

SULLIVAN, P. J.

This is a proceeding in error from the Cuyahoga Common Pleas instituted by William Staniforth to reverse the lower court. The question to be decided is whether, where a statute provides one sentence for the first offense and a trial to a court, and another sentence of a severer nature because of imprisonment and trial to a jury, there can be a trial and sentence under the statute for the second offense, while the proceedings with respect to the first offense are pending undecided before a court of appellate jurisdiction.

It is charged that there was error in the proceedings below, in that the court, while such a situation existed, tried Staniforth under a charge for a second offense and sentenced him accordingly.

The Court of Appeals held:

1. It is obvious that if the proceedings are appealed, there is such a final determination of the case which ends in vitiating the proceedings and the sentence, and that the case wherein Staniforth was tried for a second offense and sentenced accordingly, would be in reality a first offense.

2. It would appear that the word "offense" named in the statute is equivalent to the word "conviction" for an offense, because it is clear that as to whether Staniforth committed a first offense is to be decided by final adjudication and not by the mere fact of arrest and trial had, where the proceedings are pending on error in a higher court.

3. It is the final judgment in the case which necessarily determines the question as to whether there is a first or second offense, and therefore it is our judgment that before one can be charged with a second offense, the first proceeding must have resulted finally in sustaining the conviction.

4. Otherwise a discharge which acquitted Staniforth would wipe out the legal character of the charge known as the first offense, and consequently there could be no second offense under such a legal status.

5. "The term 'offense', as used in the last named section, is the equivalent of conviction. Hence an affidavit for prosecution under said act which charges three separate sales to different persons on the same day, but does not allege a previous conviction, is in legal effect a charge of a first offense only, and the party so charged is not entitled to be tried by jury." Carey v. State, 70 OS. 121.

Judgment reversed and cause remanded.

(Levine, J., concurs; Vickery, J., not sitting.)

Attorneys—Henry Lavine for Staniforth; E. C. Stanton for State; both of Cleveland.