STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. LAWRENCE JANIEC, JR., DEFENDANT-APPELLANT.

Argued March 5, 1951—Decided April 9, 1951.

*Mr. George Pellettieri* argued the cause for the appellant.

*Mr. George A. Gray,* Assistant Prosecutor of the Pleas, argued the cause for the respondent; *Mr. J. Victor Carton,* Prosecutor of the Pleas, attorney.

The opinion of the court was delivered by

OLIPHANT, J. Defendant, an inmate of the State Prison, appeals from a judgment of the Appellate Division, entered as the result of an opinion holding that his writ of error was not prosecuted within time.

Janiec was convicted in the former Monmouth County Court of Quarter Sessions on three indictments, and on December 11, 1946, he was sentenced on one of the indictments to the State Prison for the term of his natural life under the Habitual Criminal Act, *R. S.* 2:103–10. He was sentenced to lesser terms under the other two indictments. He applied to the Mercer County Court of Common Pleas for a writ of *habeas corpus* to review his life sentence. This was denied and an application to the former Supreme Court for a writ of *certiorari* to review that action was made by him. This was denied on April 13, 1948, *In re Janiec,* 137 *N. J. L.* 94 (*Sup. Ct.* 1948), on the grounds that *habeas corpus* was not the proper remedy.

On December 5, 1947, Janiec, appearing *pro se,* filed with the former Supreme Court two documents called "Petition on Application for Writ of Error" and "Petition for Application of Writ of Error." Several trial errors were alleged in the first petition and the concluding paragraph was that he be granted a hearing and that the convictions be reversed. The

second petition had to do with the application of the Habitual Criminal Act, *supra*. Here again he asked for a hearing and a reversal.

On the day of the filing of these petitions the former Supreme Court entered a *per curiam* opinion that writs of error issue as of right if sued out within one year from the time of rendition of judgment and ordered that the appellant should prepare and present the writs to the clerk for sealing *within time*. On that same day, December 5, 1947, a copy of the opinion was served on Janiec. Three days later, on December 8, 1947, he, by letter addressed to the court, requested a 90-day extension "so that he could secure the necessary funds in which to retain counsel so that a writ of error can be filed in my behalf in a qualified manner." On December 11, 1947, the last day for the issuance of the reviewing process, a writ of error had not been issued. On January 8, 1948, 13 months after the judgment of conviction, the court, by letter addressed to Janiec, granted the extension of time requested by him, although he was advised therein that the justices who comprised Part I of the then Supreme Court and who acted in the premises were in doubt as to their right to do so. It should be observed at this point that Janiec allowed the year from the time of his conviction to toll without acting to preserve his rights despite the fact he at that time had heard nothing from the court in response to his letter of December 8, 1947.

Following receipt of the letter from the court of January 8, 1948, Janiec prepared for filing what was entitled "Brief in Behalf of the Plaintiff in Error," in its general form a brief on appeal and containing statements of fact for reversal as well as argument thereon. He says he intended the brief to serve the purpose of a writ of error and delivered it to the State Prison authorities for mailing to the court on March 2, 1948. Because of some "interference" on the part of unknown prison authorities it was not mailed and was returned to him after the extension of time granted him had expired.

The Appellate Division entertained jurisdiction of the appeal, assigned present counsel to the defendant and on July

17, 1949, rendered an opinion holding that there was error in the imposition of the life sentence upon the defendant because the necessary prior convictions were not proved in a proceeding to establish the basis for a sentence of life imprisonment under the statute and in this respect he was denied due process of law. The sentence of life imprisonment was set aside and the cause remanded to the Monmouth County Court for the imposition of an appropriate sentence. As to the grounds presented for reversals of the judgments, the holding was that Janiec did not "prosecute his informal application for a writ of error within the time extended him by the former Supreme Court" and therefore "his attack upon his convictions is not properly before this court."

We do not concern ourselves with the action of the Appellate Division in setting aside the sentence of the defendant to life imprisonment and the remanding to the County Court for the imposition of a proper sentence. An illegal sentence may be corrected at any time, *Rule* 2 :7–13.

We agree with the result reached by the Appellate Division in refusing to consider the grounds concerning the reversal of his convictions, but not with the reasoning therefor.

At the time here involved the right of appeal in this state was the creature of statute, conferred by the Constitution. Writs of error in all criminal cases, not punishable with death, are writs of right, *R. S.* 2 :195–1, but the statute limited the time within which the writ must be brought and allowed by providing in *R. S.* 2 :195–5 that "No writ of error shall be brought or allowed on any judgment entered or obtained in a criminal case, unless brought and allowed within one year from the time of the rendition of the judgment, but if any person entitled to a writ of error is an infant or insane he shall have one year to bring his writ after such disability is removed." Concededly this so-called writ of error was not sued out within the statutory limitation of time and such limitations are mandatory and jurisdictional.

The rule as stated in 3 *Am. Jur., p.* 139 § 417, is : "It is essential to the jurisdiction of the Appellate Court that the pro-

ceeding be taken within the time limited," and in 4 *C. J. S., p.* 925, *sec.* 455: "The view \* \* \* generally held is that statutes which limit the time for appeals or proceedings in error are mandatory and jurisdictional, and hence, in the absence of express provision to the contrary \* \*˙ \* a writ of error which is not sued out, within the prescribed time will be disallowed or dismissed, \* \* \*." Both works cite cases from many jurisdictions, none to the contrary.

Previous to the effective dates of the new Constitution and Rules of Court, September 15, 1948, the point had not been directly decided in this State, in all probability due to the universal acceptance of the correctness of this legal doctrine, but see *White v. White,* 61 *N. J. Eq.* 629 (*E. & A.* 1900); *State Council, Jr. O. U. A. M. v. National Council,* 79 *N. J. Eq.* 193 (*E. & A.* 1908); *Rogers v. Penna. R. R. Co., et. als.,* 81 *N. J. L.* 40 (*Sup. Ct.* 1911); *Mackay v. Mackay,* 83 *N. J. Eq.* 650 (*E. & A.* 1914); *Plahn v. Givernaud,* 85 *N. J. Eq.* 143 (*E. & A.* 1915); *Oliver v. Oliver,* 127 *N. J. Eq.* 367 (*E. & A.* 1940); *In re Tremper,* 129 *N. J. Eq.* 274 (*E. & A.* 1941). Since then we have dealt with the question, though not in a criminal case, in *Shade v. Colgate,* 3 *N. J.* 91 (1949), in which we held that in the absence of a constitutional guaranty a party to a cause has no vested right to a writ of error, and that a judgment is a contract subject to interference by the courts only so long as the right of appeal therefrom exists, but when the time for appeal has expired there is nothing further that can be done to affect the rights of the parties; and *In re Pfizer's Estate,* 6 *N. J.* 233 (1950) where we said, "\* \* \* it is a well established principle in this State that when the time for taking an appeal has run the parties to a judgment have a vested right therein which cannot subsequently be taken from them," and where aggrieved parties "did not perfect their appeal within time they are effectively and forever barred from seeking further relief."

 The *sine qua non* of the jurisdiction of an appellate court is the filing of an appeal or writ of error within the time limited. Manifestly an extension of time not being authorized

by the statute the former Supreme Court had no power to grant it, and when the time within which the writ was required to have issued expired all right of appeal was lost. A discriminatory denial of a right of appeal is a violation of the equal protection clause of the Fourteenth Amendment of the Federal Constitution, *Cochran v. Kansas,* 316 *U. S.* 255, 86 *L. Ed.* 1453, 62 *S. Ct.* 1068; *Dowd v. United States,* 340 *U. S.* 206, 71 *S. Ct.* 262, 95 *L. Ed.* ——, and we have no doubt that if the extension of time had been within the power of the old Supreme Court the doctrine enunciated in the *Dowd* case would have protected Janiec against the omissions of the prison authorities in failing to forward his so-called writ of error. It was there held that the defendant's effort to file his appeal papers being frustrated by the prison authorities, that this constituted a discriminatory denial of his statutory right of appeal. There was no such denial in the instant case. When Janiec gave his papers to the prison authorities his time for appeal or in which to sue out a writ of error had already expired. He has not been prejudiced.

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD and ACKERSON—5.

*For reversa⁷* –None.