391 P.2d 915

**Willie MONTGOMERY, Appellant,**

v.

**Frank A. EYMAN, Warden, et al., Appellees.**

**No. 8060.**

Supreme Court of Arizona.

In Division.

April 29, 1964.

S. Leonard Scheff, Tucson, for appellant.

Robert W. Pickrell, Atty. Gen., E. D. "Bud" McBryde, County Atty., Pinal County, for appellees.

UDALL, Chief Justice.

Appellant sought habeas corpus in the Superior Court of Pinal County, alleging that his sentence to the state prison at Florence was in excess of that permitted by law and was therefore void. The lower court refused to issue the writ and this appeal was subsequently filed.

An earlier application, made originally to this court was denied, See Montgomery v. Eyman, No. 7907, April 16, 1963, but the record does not show the ground for denial. Because it might have been for the reason that such proceedings should originate at the Superior Court level, we consider the merits here.

In 1954, while serving a sentence in the penitentiary for a previous conviction of robbery, appellant was brought into court, charged and arraigned for the crime of manslaughter which then carried a maximum penalty of ten years imprisonment. He pleaded guilty to this charge on January 24, 1955; on February 7 he appeared before the court for sentencing and was for the first time advised that the County Attorney had filed a copy of the previous judgment of conviction thus subjecting him to a minimum penalty of ten years as a second offender. A.C.A. § 44–2227 (1939). He now argues that this procedure was unfair and unauthorized by law; that he pleaded guilty in anticipation of a maximum sentence of ten years rather than the one of from ten to twenty-five years finally imposed by the court.

In answer to appellant's contention, the state relies on the provisions of A.C.A. § 44–734 (1939) to the effect that "no indictment or information shall contain an allegation of a prior conviction of the defendant * * *." The procedure followed, it is urged, was therefore the only one possible. We think this position untenable.

It is obvious that the statutory prohibition was designed to avoid inevitable prejudice in reading an information containing allegations of past offenses to the jury. This conclusion is borne out by a reading of the present Rules of Criminal Procedure which require that prior convictions be alleged, see Rule 134, 17 A.R.S., eliminating the very evil of which appellant complains, and providing further that the particular allegations concerning past convictions should not be read to the jury when defendant admits such conviction. R.Crim. P. 180.

The statute cannot be understood to prohibit all notice to the accused that the County Attorney will seek the increased penalty authorized for second offenders. Knowledge of that fact will surely influence the decision to plead guilty or not guilty. See Smalley v. People, 96 Colo. 361, 43 P.2d 385 (1935). Other courts have declared similar procedure a denial of due process and hence void regardless of statutory authorization. State v. Janiec, 9 N.J.Super. 29, 74 A.2d 605 (1950), aff'd, 6 N.J. 608, 80 A.2d 94 (1951), cert. denied, 341 U.S. 955, 71 S.Ct. 1007, 95 L.Ed. 1376. It would have been a simple matter for the prosecutor to file copies of the prior judgment of conviction before defendant entered his plea. The fact that defendant was in pris-

on when the charges were brought forecloses any argument that the prosecutor was not aware of the former offense.

▮ The foregoing considerations, of course, would justify reversal only when the defendant is given no subsequent opportunity to withdraw his plea. Such is not the situation here. At the time set for sentencing, before a judgment of conviction was entered, appellant was advised that a copy of his prior conviction had been filed. Under the provisions of A.C.A. § 44–1026, then in force, a trial court could "in its discretion at any time before sentence permit a plea of guilty to be withdrawn * * *." Moreover, it has long been the law in all jurisdictions and has recently been recognized by this court that the discretion to allow withdrawal should be liberally exercised. See State v. Corvelo, 91 Ariz. 52, 369 P.2d 903 (1962) and cases cited therein. Appellant thus had ample opportunity to change his plea. He was accompanied by counsel at the time. Yet he made no objection; nor is there any record of appeal from either sentence or conviction. ·

▮ There exists in this case, however, another compelling reason for reversal. Under the terms of A.C.A. § 44–1004, the trial court was required to give appellant an opportunity to acknowledge or deny the previous conviction.

"* * * [Defendant] must be asked whether he has suffered such previous conviction. If he answers that he has, his answers shall be entered by the clerk in the minutes of the court, and shall, unless withdrawn by consent of the court, be conclusive of the fact of his having suffered such previous conviction in all subsequent proceedings. If he answers that he has not, his answer shall be entered by the clerk in the minutes of the court, and the question whether or not he has suffered such previous conviction shall be tried by the jury which tries the issue upon the plea of not guilty, or in case of a plea of guilty, by the jury impaneled for that purpose."

This section is identical to the present Rule of Criminal Procedure 180 and is mandatory on its face. Nothing in the record indicates that any question concerning the prior conviction was ever put to appellant. In light of the directive to enter his response in the minutes, we presume from the absence of such entry that he was in fact deprived of the opportunity to demand a hearing on the matter.

▮ The statutory procedure having been ignored, it follows that so much of the sentence as is attributable to the second offender status was imposed without authority and is void. Both parties acknowledge that the time for confinement under a maximum penalty of ten years has expired if deductions for good behavior are

**59**

allowed. Because such deductions are a matter of right, see A.R.S. § 31–251; Orme v. Rogers, 32 Ariz. 502, 260 P. 199 (1927), and because it is apparently conceded that appellant has met the statutory requirements, we hold that the present custody is unlawful. The decision of the Superior Court is reversed and the case is remanded thereto with directions to issue the writ.

Reversed.

LOCKWOOD, V. C. J., and BERNSTEIN, J., concur.