· 399· P.2d 688

STATE of Arizona, Appellee,

v.

Robert Eugene MILEHAM, Appellant.

No. 1 CA–CR 15.

Court of Appeals of Arizona.

March 8, 1965.

Allen L. Feinstein, Phoenix, for appellant.

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

STEVENS, Chief Judge.

This opinion relates to a motion to transfer this cause to the Arizona Supreme Court. The authority to transfer an appeal lodged with the Court of Appeals to the Arizona Supreme Court, in the appropriate situation, is set forth in Subparagraph B of Sec. 12–120.22 which Subparagraph is as follows:

> "No case, appeal * * * brought in the supreme court or court of appeals shall be dismissed for the reason only that it was not brought in the proper court * * *, but it shall be transferred to the proper court * * *."

Rulings upon motions are usually made by Minute Entry and without formal opinion.

In relation to matters of first impression and in relation to matters of great public interest, opinions are often written and we deem the issues here presented to be of great public interest. We are not informed as to a like problem and the decision thereon in this State.

Senate Bill 269 was introduced on March 3, 1964. As amended during the Legislative process, it became law as Chapter 102 of the Second Legislative Session of the Twenty-Sixth Legislature of the State of Arizona. Chapter 102 was adopted with an emergency clause and became effective upon its approval by the Governor on April 6, 1964. During the year 1964 certain expenditures were incurred under the authority of the act but the Court of Appeals was not implemented and did not become effective as a court until the judges thereof, who were elected in the year 1964, took office on the 4th day of January 1965.

■ Mileham, the appellant and the moving party, was tried for the offense of robbery. Robbery is an offense punishable by a sentence of not less than five (5) years and not more than life. Mileham was found guilty of the offense of robbery and on October 26, 1964, he was sentenced to the Arizona State Prison for a term of "not less than twenty-five (25) years and not more than forty (40) years". Prior to January 4, 1965 he gave notice of appeal to the Arizona Supreme Court. It is our opinion that the giving of the notice of appeal is controlling and not the designation as to the court to which one desires to appeal in that the appeal process is governed by the statutory provisions. The Clerk of the Superior Court transferred the record on appeal to this Court and the record was filed in this Court on February 16, 1965. Promptly thereafter Mileham presented the motion, which is now under consideration, being a motion questioning the jurisdiction of this Court and requesting that this Court transfer this appeal to the Arizona Supreme Court pursuant to the statutory authority contained in Sub-Sec-

tion B quoted above. The Attorney General has joined issue on the motion.

■ The matter of criminal appeals is governed by Sec. 13–1711 A.R.S. Prior to the adoption of Chapter 102 which chapter contained an amendment to this section, Sec. 13–1711 read as follows:

"The state, or any party to a prosecution by indictment or information, may appeal to the supreme court as prescribed by law and in the manner provided by the Rules of Criminal Procedure."

Senate Bill 269 proposed an amendment to Section 13–1711 proposing that the same be amended to read as follows:

"13–1711 Right of Appeal
"The state, or any party to a prosecution by indictment or information, may appeal to the court of appeals as prescribed by law and in the manner provided by the rules of criminal procedure, except criminal actions involving crimes punishable by death or life imprisonment."

■ The Journal of the Senate discloses that Senate Bill 269 was considered by the Senate on the 13th day of March 1964 and on Page 377 of the Journal we find a motion to amend this particular section which motion was to strike the period and insert "which may be appealed to the supreme court". The motion was carried and the amendment was adopted. Sec. 13–1711 as amended by Chapter 102 now reads as follows:

"13–1711. Right of appeal.
"The state, or any party to a prosecution by indictment or information, may appeal to the court of appeals as prescribed by law and in the manner provided by the rules of criminal procedure, except criminal actions involving crimes punishable by death or life imprisonment which may be appealed to the supreme court."

Our first consideration is directed to the meaning of the word "may". This word appears once in Sec. 13–1711 prior to the

amendment; once in the original proposed amendment contained in Senate Bill 269 and twice in the act as it now stands. The word "may" is not always given a permissive interpretation and can be given a mandatory interpretation depending upon the context in which it is used. Frye v. South Phoenix Volunteer Fire Company, 71 Ariz. 163, 224 P.2d 651 (1950). The Senate Journal does not reflect the debate or discussion leading up to the amendments. One possible question which could be raised under the proposed revision of Sec. 13–1711 set forth in Senate Bill 269, is that the language used might be interpreted to eliminate any provisions for appeal in those cases "punishable by death or life imprisonment". The word "may" as set forth in Sec. 13–1711 prior to the amendment clearly meant "desiring to appeal shall prosecute the". This meaning for the word "may" each time that word appears in Sec. 13–1711 as it now stands, renders the meaning of the section clear. However, due to the rearrangement of the wording of the legislation a slightly different expression of the same thought is required where the word "may" appears for the second time. A paraphrased amended Sec. 13–1711 would read as follows (with the paraphrasing italicized):

> "The state, or any party to a prosecution by indictment or information, *desiring to appeal shall prosecute the* appeal to the court of appeals as prescribed by law and in the manner provided by the rules of criminal procedure, except criminal actions involving crimes punishable by death or life imprisonment which *if appealed, shall* be appealed to the supreme court."

We do not believe that it was the legislative intent that one word in a short statutory section should have two different meanings or interpretations, one being mandatory and the other permissive. Section 13–1711 must be read in the light of Article 1.2 titled JURISDICTION AND VENUE which reads in part as follows:

> "§ 12–120.21. Jurisdiction and venue

> "A. The court of appeals shall have:

> \*   \*   \*   \*   \*   \*

> "2. Appellate jurisdiction in all actions and proceedings originating in or permitted by law to be appealed from the superior court, *except* criminal actions involving crimes *punishable* by death or life imprisonment." (Italics ours)

Since the court of appeals has only jurisdiction in matters specifically given to the court in the statute, we are of the opinion that the correct import of these two sections read together is that a person desiring to appeal a case involving a crime punishable by death or life imprisonment may appeal if he wishes but if he does wish to appeal he *must* appeal the matter to the supreme court since the court of appeals, being one of limited jurisdiction by statute, does not have the power to entertain an appeal of this type.

We next address ourselves to the word "punishable". Webster defines the word "punishable" as "deserving of, or liable to punishment; capable of being punished by law or right". In our opinion, the word "punishable" refers to the statutory maximum which could be imposed for the offense which was charged. Had the Legislature intended that the test be the punishment which was actually imposed, we are confident that the words "wherein the sentence imposed is" could well have been used in place of the words "punishable". It is the law in Arizona that one who is charged with an offense wherein the maximum penalty is that of death and who is convicted of a lesser degree wherein the death penalty may not be imposed, may upon a re-trial after a successful appeal from the conviction of the lesser offense, be required to stand trial for the originally charged greater offense even to the point of suffering the death penalty on retrial. State v. Thomas, 88 Ariz. 269, 356 P.2d 20 (1960). This being true certainly it is logical that the appellant facing the possibility of an increased punishment on retrial should have his appeal considered

by the court which would have considered the appeal had he received the maximum sentence in the first instance.

 We find that this Court is without jurisdiction in relation to the Mileham appeal and that the appeal was not lawfully lodged with this Court. Pursuant to the authority granted by Subparagraph B of Sec. 12–120.22,

It is ordered transferring this cause to the Arizona Supreme Court and the Clerk of this Division is authorized and directed to transmit the entire file to the Arizona Supreme Court retaining only the original of this opinion together with appropriate additional copies thereof and retaining copies of correspondence which appear in the file.

CAMERON, and DONOFRIO, JJ., concur.