413 P.2d 263

**STATE of Arizona, Appellee,**

**v.**

**Earl Raymond HAWES, Appellant.**

**No. 1682.**

Supreme Court of Arizona.

En Banc.

April 13, 1966.

**234**

Darrell F. Smith, Atty. Gen., for appellee.

Chris T. Johnson, Phoenix, for appellant.

UDALL, Justice.

An information was filed in the Superior Court of Maricopa County, State of Arizona, on the 12th day of August 1965, charging the defendant with the crimes of Count I, kidnapping, Count II, robbery, and Count III, assault with a deadly weapon.

A preliminary hearing was held on the 21st day of July 1965 at which time defendant was advised of his constitutional rights. At the conclusion of the hearing defendant was held to answer to the charges made, to-wit: Count I, kidnapping, Count II, robbery, and Count III, assault with a deadly weapon.

Defendant was arraigned on the 31st day of August 1965, at which time Sheldon Stern, an attorney, was appointed by the court to represent defendant. The reading of the information was waived and defendant entered a plea of "not guilty".

On the 23rd day of September 1965 the defendant appeared in court with his counsel and requested permission to withdraw his former plea of not guilty and enter a plea of "guilty" to Count II of the information charging robbery. His request was granted and, at the urging of defense counsel, the county attorney moved the court to dismiss Counts I and III. In response to the motion the court did dismiss Counts I and III.

On October 14, 1965 the defendant was brought into court, and with his attorney present the court sentenced defendant to a term of not less than five nor more than six years in the state penitentiary at Florence, Arizona. Subsequently it was brought to the attention of the court that defendant was an indigent and was desirous of appealing his case to the Supreme Court, whereupon, on the 19th day of October, the court appointed Chris T. Johnson, an attorney, to examine into the case to determine whether an appeal was indicated and whether he deemed it advisable to prosecute the appeal.

On October 26, 1965 the court, with defendant's attorney present, entered a Minute Order vacating the order of October 14, 1965 pronouncing judgment and sentence and ordered that the sentencing be postponed. The court further ordered that two psychiatrists be appointed to examine into the mental condition of defendant and to make a report of their findings within a period of ten days from that date. Thereafter,

on November 8, 1965, the psychiatrists having examined the defendant and having submitted their report, the court—in the presence of defendant and his attorney—found that defendant was sane and subject to sentencing, and ordered a resetting of the time for sentencing of the defendant to November 10, 1965.

On November 10th the court, with defendant's attorney present, proceeded to sentence the defendant and, in the course of the proceedings, defendant made a request to change his plea [entered on September 23, 1965] from "guilty" to "not guilty". The court, after considering the matter and being informed that at the time the defendant entered his plea of guilty the county attorney had moved that the other two counts, namely, kidnapping, and assault with a deadly weapon, be dismissed, and the court finding no good cause for permitting the defendant to withdraw his plea, denied the motion and proceeded to sentence defendant on the robbery count, to serve a term of not less than five nor more than six years in the Arizona State Penitentiary, the term to commence July 7, 1965, the date of defendant's incarceration.

On November 17, 1965, Attorney Chris T. Johnson made a request to withdraw as attorney for the defendant. This request was denied. Subsequently it was determined that defendant was an indigent person and was entitled to perfect his appeal, and on December 16, 1965 Chris T. Johnson was appointed as defendant's attorney to prosecute the appeal. On December 17, 1965 Sheldon Stern was permitted to withdraw as attorney of record for the defendant.

The case was appealed to Division 1 of the Court of Appeals on the 25th day of January, 1966, and thereafter the Court of Appeals made a determination under the authority of State v. Mileham, 1 Ariz.App. 67, 399 P.2d 688 (1965), that the Court of Appeals was without jurisdiction to entertain this appeal, and under the authority of A.R.S. § 12–120.22, subsec. B directed the appeal to the Clerk of the Supreme Court of the State of Arizona on the 9th day of March, 1966.

The defendant's attorney filed a notice with the Court of Appeals on the 23rd of February, 1966 that the "[c]ourt-appointed counsel has diligently searched all the minute orders, instruments of record in the Court of Appeals and has been unable to find any error for which a brief can be written," and he requested the Court to examine the record instruments, minute orders, and transcripts for fundamental error.

The Attorney General likewise notified the Court of Appeals, by letter dated March 7, 1966, that a brief would not be filed by the Attorney General's office and that they concurred in the request of the attorney for defendant that the matter be submitted for decision upon the examination of the record for fundamental error.

This Court, having searched the record in the cause, finds no reversible error in the proceedings before the justice court, the trial court, or the court of appeals.

Judgment affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and McFARLAND, J., concur.

NOTE: Justice Lorna E. Lockwood did not participate in the determination of this appeal.