424 P.2d 840

**STATE of Arizona, Appellee,**
**v.**
**Dwight Simmons PALMER, Appellant.**
**No. 1 CA–CR 97.**

Court of Appeals of Arizona.
March 9, 1967.

Vernon B. Croaff, Public Defender, by Grant Laney, Deputy Public Defender, for appellant.

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

DONOFRIO, Judge.

This appeal involves the same person as in 5 Ariz.App. 190, 424 P.2d 838, decided by us this date.

The defendant Palmer was originally charged herein with the crime of burglary, a felony, with an allegation of prior conviction of burglary in the second degree in Cause No. 38139 in the Superior Court of Maricopa County. The allegation of this prior conviction was made in an addendum to the information signed by the County Attorney. He was tried on this charge which resulted in the Court declaring a mistrial. On April 21, 1966, the County Attorney filed an amended information, charging defendant with burglary first degree, with an addendum to the information signed by the Deputy County Attorney, containing an allegation of the same prior conviction of burglary second degree in Cause No. 38139. The minutes show that the defendant withdrew his plea of not guilty to the offense charged in the original information and entered a plea of guilty of the offense charged in the amended information. The minute entry reflects that defendant admitted he was convicted of burglary second degree on September 18, 1962, which was the date of the conviction in Cause No. 38139.

The formal written judgment of guilt and sentence dated May 2, 1966, states that it is the judgment of the Court that the defendant is guilty of burglary in the first degree, a felony, as charged in the amended information, and sentences him to a term of not less than ten nor more than twenty-three years in the state prison. Neither the judgment nor the minute entry mentioned the prior conviction directly. This is also borne out by the reporter's transcript at the time of sentencing. Though the minute entry has written under the caption of the case, "Burglary (with prior)", the body of the minutes states that:

"It is the judgment of the court that defendant is guilty of burglary in the first degree pursuant to his plea therein."

The charge of burglary in the first degree carries a maximum punishment of fifteen years in prison. § 13–302, A.R.S.

At the time the amended information was filed and the defendant pled guilty thereto and was sentenced thereon, the alleged prior conviction, Cause No. 38139, was pending on appeal. This Cause No. 38139 was subsequently affirmed on April 22, 1966, the petition for rehearing being denied May 23, 1966, and the mandate issuing June 9, 1966. State v. Palmer, 3 Ariz.App. 218, 413 P.2d 277 (1966).

■ We first consider the question of whether the Court may sentence a person to imprisonment for a greater period than prescribed by the statute for a first offense when no mention or adjudication is made in its judgment of guilt and sentence of any prior conviction. Our answer is in the negative.

■ When a defendant is charged with a previous conviction he shall be asked whether he has been previously convicted. If he answers that he has, his answer shall be entered by the clerk in the minutes and shall, unless withdrawn by consent of the Court, be conclusive of the previous conviction in all subsequent proceedings. Rule 180, Rules of Criminal Procedure, 17 A.R.S. This does not, however, mean that at the time of judgment and sentence the Court need not adjudge the fact of prior conviction when the sentence he is imposing is to exceed the maximum provided for such crime.

In State v. Miles, 3 Ariz.App. 377, 414 P.2d 765 (1966), we said:

" * * * The court may take the fact of prior convictions into consideration in determining the sentence even though the prior conviction is not charged in the information or established as required by law, provided the sentence imposed does not exceed the maximum authorized by statute for the charged offense. State

v. Adams, 1 Ariz.App. 354, 403 P.2d 7 (1965). However, in order for the trial court to consider a previous conviction and impose a sentence in excess of the maximum permitted for the charged crime under the statute requiring increased punishment for subsequent offenses, the requisites of Rule 180, of the Rules of Criminal Procedure must be followed. Montgomery v. Eyman, 96 Ariz. 55, 391 P.2d 915 (1964)."

■ A judgment by the Court must conform strictly to the statutes, and the records, except in case of ambiguity, are not to be amplified or explained by extraneous evidence. State v. Anders, 1 Ariz.App. 181, 400 P.2d 852 (1965); State v. Claytor, 3 Ariz.App. 226, 413 P.2d 285 (1966). We do not pass upon the Court's right to correct any defects or errors in its records to conform to oral pronouncements made by it at the time of sentence.

■ In Miles the judgment of guilt failed to contain any reference to the fact of a prior conviction which was a reason for remanding the cause. In the instant case the pronouncement of the judgment and sentence as revealed by the reporter's transcript and the minutes thereof fail to reveal any mention or finding of a prior conviction. The Court is limited to the penalty provided in § 13–302, A.R.S. The sentence of ten to twenty-three years is in excess of this statutory maximum.

■ Although moot we turn to the question of whether a defendant may be convicted of a felony with a prior conviction when the prior conviction is pending on appeal. We would hold that a defendant may be charged but that he cannot be convicted of a crime with a prior conviction for increased punishment until the appeal has been determined. Before a prior conviction can be used for purposes of increased punishment, the conviction must be final. It is not final as long as it is pending on appeal. Joyner v. State, 158 Fla. 806, 30 So.2d 304 (1947); Staniforth v. State, 24 Ohio App. 208, 156 N.E. 924 (1927); Neal v. Common-

wealth, 221 Ky. 239, 298 S.W. 704 (1927). See also 5 A.L.R.2d 1092.

We find no irregularity in defendant's plea of guilty to burglary first degree. The sentence is vacated and the cause remanded for proceedings consistent with this opinion.

CAMERON, C. J., and STEVENS, J., concur.