424 P.2d 838

**STATE of Arizona, Appellee,**
v.
**Dwight Simmons PALMER, Appellant.**
**No. I CA–CR 96.**

Court of Appeals of Arizona.
March 9, 1967.

Vernon B. Croaff, Public Defender, by Grant Laney, Deputy Public Defender, for appellant.

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

DONOFRIO, Judge.

This is a companion case to 5 Ariz.App. 192, 424 P.2d 840 which was decided this date. In both cases the defendant was represented by the public defender and in some instances, as will appear, identical questions have been raised.

In this particular case No. 47764 the defendant Palmer pled guilty to the crime of burglary in the second degree and was sentenced to serve a term of not less than nine and one-half nor more than ten years in the state prison. He appeals from the conviction and sentence.

Defendant was originally charged with burglary by mechanical means with a prior conviction. He was tried on this charge and the trial resulted in a mistrial. The County Attorney then filed an amended information, charging defendant with burglary in the second degree. This information was regularly signed by the Deputy County Attorney, acting for the County Attorney. Attached thereto was a separate document titled "ADDENDUM TO INFORMATION" alleging that defendant had been previously convicted of burglary in the second degree in Cause No. 38139. This addendum had the County Attorney's name typed in with a blank line under which the Deputy County Attorney's name was also typed, but what appears to be through an inadvertence it was not signed by the deputy. On the following page, which appears to have been stapled to the addendum, and

which bore the designation "Page 2", the instrument is signed by the Deputy County Attorney. This page, which contained a stipulation to the amended filing, bore the signature of the defendant, his counsel, and the Deputy County Attorney.

The amended information and addendum were filed March 22, 1966. On that date, as shown by minute entry, the defendant was permitted to change his plea from not guilty to the offense charged in the original information to guilty of the offense of burglary in the second degree charged in the amended information.

The pertinent minutes at the time of the arraignment read:

"The Court interrogates the Defendant Palmer.

"IT IS ORDERED granting leave to withdraw the previous plea from [sic] Not Guilty.

"IT IS FURTHER ORDERED entering a plea of Guilty to the Amended Information of BURGLARY (SECOND DEGREE).

"Exhibit No. 1—Certified copy of Judgment of Guilty [sic] and Order for Probation Cause 38139—marked for identification and admitted into evidence.

"Exhibit 2—exemplified copy of Order Revoking Probation and pronouncement of sentence in Cause 38139—marked for identification.

"Respective counsel argue before the court.

"IT IS THE JUDGMENT OF THE COURT and the court has no alternative but to find Defendant Guilty of Prior Conviction as alleged in the evidence as contained in accordance with Cause No. 38139."

In this same cause now under consideration no mention is made in the judgment of guilt and sentence of a prior conviction. It reads:

"It is the Judgment of the court that the defendant Dwight Simpson Palmer is guilty of BURGLARY (Second Degree)

a Felony as charged in the AMENDED (Information)".

The conviction in Cause No. 38139 was being appealed at the time of the filing of the amended information. That conviction was eventually affirmed on appeal, the mandate issuing on June 9, 1966. State v. Palmer, 3 Ariz.App. 218, 413 P.2d 277 (1966).

We first determine the propriety of the trial court's entering the finding of defendant's guilt of prior conviction noted in the minutes.

■ In State v. Miles, 3 Ariz.App. 377, 414 P.2d 765 (1966), we discussed how an admission of a prior conviction may be entered. We held that Criminal Rule 180, 17 A.R.S. required that the defendant personally admit to the truth of the allegation of prior conviction, or at least confirm an admission thereto made by his attorney. See also State v. Palmer (decided this date). We fail to find a compliance with this procedure in the minutes of this case and therefore the entry finding a prior conviction is nugatory and should be vacated.

■ The maximum penalty provided for burglary in the second degree is five years. § 13–302, A.R.S. In order for a judgment and sentence to stand, it must conform to the statutes and a court cannot impose a greater sentence than the maximum provided for such crimes. In this case the defendant stands adjudged guilty of burglary, second degree. Therefore, since the present sentence exceeds the maximum limit of five years and the judgment of guilt fails to contain any reference to a prior conviction, the case must be remanded. State v. Palmer, 5 Ariz.App. 192, 424 P.2d 840 (decided this date).

■ We deem it unnecessary as being moot to pass upon the inadvertence of the County Attorney or his deputy to sign the "ADDENDUM TO INFORMATION" alleging the prior conviction. Following the rule in State v. Lane, 69 Ariz. 236, 211 P.2d 821 (1949) we would, however, hold that the defendant and his attorney, having signed the stipulation following the addendum

which agreed to the filing of the amended information, could not now complain. In Lane the Supreme Court held that the defendant, having made motions and pled to the merits of the Information, could not then complain of the inadvertent failure to sign and the Court's subsequent permission to the County Attorney to affix his signature.

The sentence is vacated and the cause is remanded for proceedings consistent with this opinion.

CAMERON, C. J., and STEVENS, J., concur.