441 P.2d 544

STATE of Arizona ex rel. Robert K. COR-
BIN, County Attorney for Mari-
copa County, Petitioner,

v.

COURT OF APPEALS of the State of Ari-
zona, DIVISION I; Superior Court of the
State of Arizona In and For the County of
Maricopa, C. Edwin Thurston, a Judge
thereof, Division 14; Dwight Simmons
Palmer, real party in interest, Respondents.

No. 9003.

Supreme Court of Arizona,
In Banc.

June 5, 1968.

Rehearing Denied Sept. 17, 1968.

Robert K. Corbin, Phoenix, Maricopa
County Atty., by Robert T. Murphy, Dep-
uty County Atty., for petitioner.

Nancy Krieg Skomp, Robert A. L'Ecuyer,
James H. Colter, Michael E. Tiffany, Phoe-
nix, M. Byron Lewis, Joseph B. Swan and
Edward L. Dawson by Nancy Kreig Skomp,
Phoenix, for respondent, Court of Appeals
of the State of Arizona, Division I.

Stephen W. Connors and Fred R. Esser,
by Fred R. Esser, Phoenix, for Dwight
Simmons Palmer, real party in interest.

LOCKWOOD, Justice:

This Court granted a petition by the County Attorney for a writ of certiorari challenging the jurisdiction of the Court of Appeals, Division I, in the case of State v. Palmer, 5 Ariz.App. 192, 424 P.2d 840 (1967), which affirmed in part and reversed in part a decision of the Superior Court of Maricopa County. The Superior Court on May 2, 1966, adjudged the defendant, Dwight Simmons Palmer, "guilty of the charge of burglary 1st degree, pursuant to your plea therein." The charge of burglary in the first degree is punishable under statute by a minimum of not less than one year and a maximum of not more than fifteen years in the state prison. The formal written judgment of guilt and sentence of the Superior Court committed Palmer to a term of not less than ten nor more than twenty-three years in the state prison.

Palmer was originally charged with the crime of "Burglary" with an allegation of a prior conviction of burglary in the second degree, which allegation was contained in an addendum to the information signed by the County Attorney. The prior conviction was at that time on appeal. Palmer was tried on the charge but the trial court declared a mistrial. An amended information was filed charging Palmer with burglary in the first degree and alleging the prior conviction. Palmer withdrew his former plea of not guilty, entered a plea of guilty, and admitted that he was previously convicted of burglary in the second degree. There was no direct reference to the prior conviction in the written judgment, although it recites that the defendant "is guilty of burglary (first degree) *as charged in the amended information*". (Emphasis supplied.) The minute entry contains the language:

"BURGLARY (WITH PRIOR)

IT IS THE JUDGMENT OF THE COURT that Defendant is guilty of burglary in the first degree pursuant to his plea therein."

Further, the caption of the minute entry shows the charge to be "Burglary (With Prior)".

The plea of guilty and the admission of the prior conviction took place before the Honorable Donald Daughton of the Maricopa County Superior Court on April 21, 1966. A different judge (The Honorable Edwin Thurston) sentenced the defendant on May 2, 1966. When Palmer was arraigned before Judge Daughton, the following took place:

"THE COURT: Do you admit or deny the allegation of prior conviction?

"MR. McGILLICUDDY [Mr. Palmer's attorney]: Would you read the date of the prior conviction to him. * * *

"THE COURT: They allege, Mr. Palmer that on the 18th day of September, 1962, in the Superior Court, State of Arizona, in and for the County of Maricopa that you were convicted of burglary in the second degree, Cause No. 38139. Do you admit or deny that you were convicted of burglary in the second degree, a felony, at that time?

"MR. PALMER: I deny it.

"THE COURT: You deny it?

"MR. PALMER: Yes.

*    *    *    *    *    *

"MR. McGILLICUDDY: * * * Mr. Palmer doesn't understand. * * *

"MR. PALMER: Excuse me, your Honor. I don't know—want to appear that I don't know what's going on. I do know what's going on. I have an appeal up on the prior. I don't know if I say I'm guilty of a prior I don't know—

"THE COURT: Mr. Palmer, excuse me. We are not asking you at this point whether or not you are guilty of that charge or not. All we are really asking you is whether or not you were convicted. That—

"MR. PALMER: I'm sorry. Yes, I was convicted.

"THE COURT: Do you admit then that you were convicted?

"MR. PALMER: Yes, I'll admit that.

"THE COURT: Do you understand that admitting that you were convicted changes the number of years that the Judge can sentence you to in the Arizona State Prison?

"MR. PALMER: Yes, I understand that.

"THE COURT: But without regard to whether or not you were guilty of this charge you were convicted of burglary in the second degree on the 18th day of September, 1962, here in the Superior Court, here in Maricopa County; is that correct?

"MR. PALMER: That's correct.

"THE COURT: Do you have any doubts at all as to whether or not you should make this plea of guilty to this crime?

"MR. PALMER: No.

"MR. McGILLICUDDY: I was going to say as far as this is concerned, Judge Thurston has recently made a detailed investigation of the matter.

"THE COURT: It is ordered authorizing the defendant to withdraw his former plea of not guilty to the original information and to plead guilty to the amended information charging him with burglary first degree.

"The record will further show that he admits the allegation of prior conviction.

"It is ordered setting this matter for sentencing? [sic]

"MR. CARDEN: Division 16, Judge Thurston, May the 2nd, at 1:30 p. m."[1]

After sentencing, Palmer appealed to the Court of Appeals and raised the following questions:

"QUESTION NO. I

"May a person accused of a felony be charged with a prior conviction for the purpose of increased punishment when such prior conviction is pending on appeal.

"QUESTION NO. II

"May a court, in its judgment of conviction and sentence, sentence a person to imprisonment for a greater period than prescribed by the statute for a first offense, when no mention is made in such judgment of a prior conviction and no adjudication made in such judgment and sentence that the defendant has been previously convicted of a felony."

The Court of Appeals answered both questions in the negative, vacated the sentence, and "remanded for proceedings consistent with" the opinion of that Court. Thereupon the State by the County Attorney raised the question of jurisdiction of the Court of Appeals by the application for a writ of certiorari.

We first direct our discussion to the matter of jurisdiction of the Court of Appeals to entertain an appeal in this case.

Ariz.Rev.Stat. § 12–120.21 (Supp.1967) states in part:

"A. The court of appeals shall have:

"1. * * *

"2. Appellate jurisdiction in all actions and proceedings originating in or permitted by law to be appealed from the superior court, *except criminal actions involving crimes punishable by death or life imprisonment.*" (Emphasis supplied.)

See State v. Cuzick, 5 Ariz.App. 498, 428 P.2d 443 (1967).

■ Burglary of the first degree is punishable by imprisonment in the state prison for not less than one nor more than fifteen years. Ariz.Rev.Stat. § 13–302, subsec. B (Supp.1967). When a person is convicted of burglary of the first degree with a prior conviction, the offense is punishable under the criminal statute by imprisonment "for not less than ten years".

[1] It should be noted that one day after the above exchange took place, the Court of Appeals affirmed Palmer's conviction which was on appeal and which was the subject matter of the prior conviction allegation. See State v. Palmer, 3 Ariz. App. 218, 413 P.2d 277 (April 22, 1966).

**318**

Ariz.Rev.Stat. § 13–1649, subsec. A, par. 1 (1956). Since no maximum limit to the duration of the imprisonment is declared in the statute, sentence may be for as long as the defendant's natural life. Ariz.Rev. Stat. § 13–1644 (1956); State v. Williams, 103 Ariz. 284, 440 P.2d 311 (May 1, 1968).

■ The Court of Appeals in answer to the application for writ stated that it had jurisdiction on the basis that "it was an appeal from the sentence for the judgment of conviction of first degree burglary" and "the minute entry and formal written judgment were silent as to a prior conviction". We do not agree with their contention.

■ For purposes of determining appellate jurisdiction, the reviewing court must look to the maximum sentence which could have been imposed for the offense *charged,* and not what the final judgment and sentence was or the form that it took:

"In our opinion, the word 'punishable' [A.R.S. § 12–120.21] refers to the statutory maximum which could be imposed for the offense which was *charged.* Had the Legislature intended that the test be the punishment which was actually imposed, we are confident that the words 'wherein the sentence imposed is' could well have been used in place of the words [sic] 'punishable'". (Emphasis supplied.) State v. Mileham, 1 Ariz.App. 67, 69, 399 P.2d 688, 690 (1965).

Rule 180 of the Rules of Criminal Procedure, 17 Ariz.Rev.Stat. (1956), states that when a defendant who is charged in the indictment or information with a previous conviction pleads guilty of the offense charged, he shall be asked whether he has been previously convicted. Then, if he admits that he has been previously convicted, "his answer shall be entered by the clerk in the minutes of the court, and *shall * * * be conclusive of the previous conviction in all subsequent proceedings".* (Emphasis supplied.) We have held in the past that for the trial court to consider a previous conviction and impose a sentence exceeding the statutory maximum for the charged offense, the requisites of Rule 180 must be followed. Montgomery v. Eyman, 96 Ariz. 55, 391 P.2d 915 (1964). Though we feel the better practice is to mention the prior conviction in the formal judgment and sentence, we hold that the requisites of Rule 180 were complied with in this instance and the admission of prior conviction is binding upon all subsequent proceedings, including appeals.

■ We now turn to the question of whether a person accused of a felony can be charged with a prior conviction for the purpose of increased punishment when such prior conviction is pending on appeal. We hold that such a procedure is correct and does not prejudice the defendant. In State v. Johnson, 99 Ariz. 52, 406 P.2d 403, 16 A.L.R.3d 723 (1965) we held that a conviction is a verity until set aside. (Palmer's prior conviction was never set aside, but in fact was upheld by the Court of Appeals. State v. Palmer, 3 Ariz.App. 218, 413 P.2d 277 (1966)).

■ Finally, it is argued that the trial court committed reversible error by failing to mention in its judgment and sentence that the defendant had been previously convicted of a felony.

■ We have held that "[a] judgment or sentence must conform to the offense for which an accused has been charged and convicted, or to which he has entered his plea of guilty". Haney v. Eyman, 97 Ariz. 289, 291, 399 P.2d 905 (1965). Defendant pled guilty to the charge of first degree burglary and admitted the prior conviction. The trial court sentenced the defendant pursuant to his plea.

The opinion of the Court of Appeals, Division I, 5 Ariz.App. 192, 424 P.2d 840 (1967) is vacated and the judgment and sentence of the trial court is affirmed.

McFARLAND, C. J., UDALL, V. C. J., and STRUCKMEYER and BERNSTEIN, JJ., concur.