486 P.2d 782

**STATE of Arizona, Appellee,**

v.

**Anthony Wayne HOWELL, Appellant.**

**No. 2327.**

Supreme Court of Arizona,
In Banc.
June 29, 1971.

Gary K. Nelson, Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Phoenix, for appellant.

**STRUCKMEYER, Chief Justice.**

In this criminal appeal, Anthony Wayne Howell was informed against in the Superior Court of Maricopa County, Arizona, for robbery, Count 1, and assault with a deadly weapon, Count 2, to which charges he pleaded not guilty. Robbery is punishable by imprisonment for not less than five years. A.R.S. § 13–643. On November 19, 1970, the State filed an amended information for grand theft from the person, a felony, accompanied by a stipulation in these words:

"It is hereby stipulated by defendant and his counsel that this amended information is filed without objection for the purpose of entering a plea of guilty; it is further stipulated that, if at a subsequent time this plea be withdrawn for any reason, this information may be re-amended without objection to allege the charge contained in the original information."

The stipulation was signed by the defendant, by the public defender and a deputy county attorney. To the amended charge, defendant entered a plea of guilty. He was sentenced on the sixth day of January 1971 to imprisonment for not less than six nor more than eight years to date from the time of his arrest, August 1970.

Thereafter, the defendant filed a notice of appeal directed to the Court of Appeals, Division One, State of Arizona, appealing from the judgment and sentence pronounced upon him. On May 28, 1971, the Clerk of the Court of Appeals, being of the opinion that because the original information charging robbery carried a possible sentence of life imprisonment and because if defendant obtained a reversal, upon return to the Superior Court the former information might be reinstated, whereupon the criminal action would involve crimes over which the Court of Appeals has no jurisdiction, caused the record to be transmitted to the Clerk of this Court, where it was docketed as Criminal Cause 2327.

The jurisdiction and venue of the Court of Appeals is provided by A.R.S. § 12–120.21. Subsection A reads:

"A. The court of appeals shall have:

1. Appellate jurisdiction in all actions and proceedings originating in or permitted by law to be appealed from the superior court, *except criminal actions involving crimes punishable by death or life imprisonment.*" (Emphasis added.)

Jurisdiction depends upon the state of affairs existing at the time it is invoked, Gardner v. Gardner, 253 S.C. 296, 170 S. E.2d 372, and once having attached is not lost by subsequent events. Atlantic Corporation v. United States, 1 Cir., 311 F.2d 907. Under the Arizona enactment A.R.S. § 12–120.21, jurisdiction is dependent upon the punishment which is to be imposed under the charge.

The Clerk of this Court is ordered to transmit to the Clerk of the Court of Ap-

peals, Division One, the record in this cause, with directions that it be entered upon the files of that court for disposition according to law.

HAYS, V. C. J., and UDALL and LOCK-WOOD, JJ., concur.

CAMERON, Justice (dissenting).

Unlike the Superior Court and the Supreme Court, both of which are constitutional courts, the Court of Appeals under our Constitution (Art. 6, § 1), A.R.S. is a creation of the legislature, A.R.S. § 12–120, et seq., and has only such jurisdiction as the legislature in its wisdom provides. Two statutes are pertinent in this regard:

"A. The court of appeals shall have:

"1. Appellate jurisdiction in all actions and proceedings originating in or permitted by law to be appealed from the superior court, *except criminal actions involving crimes punishable by death or life imprisonment.*" § 12–120.21 A.R.S. (emphasis added)

And:

"The state, or any party to a prosecution by indictment or information, may appeal to the court of appeals as prescribed by law and in the manner provided by the rules of criminal procedure, except criminal actions involving *crimes punishable by death or life imprisonment* which may be appealed to the supreme court." § 13–1711 A.R.S. (emphasis added)

The Court of Appeals, Division One, in discussing its jurisdiction early in the operation of that court stated:

"Since the court of appeals has only jurisdiction in matters specifically given to the court in the statute, we are of the opinion that the correct import of these two sections read together is that a person desiring to appeal a case involving a crime *punishable* by death or life imprisonment may appeal if he wishes but if he does wish to appeal he must appeal the matter to the supreme court since the court of appeals being one of limited ju-

risdiction by statute, does not have the power to entertain an appeal of this type." State v. Mileham, 1 Ariz.App. 67, 69, 399 P.2d 688, 690 (1965). See also State v. Mileham, 100 Ariz. 402, 415 P. 2d 104.

The court in that case went on to discuss the meaning of the word "punishable":

"* * * In our opinion, the word 'punishable' refers to the statutory maximum which could be imposed for the offense which was charged. Had the Legislature intended that the test be the punishment which was actually imposed, we are confident that the words 'wherein the sentence is imposed is' could well have been used in place of the words 'punishable'. * * *" State v. Mileham, 1 Ariz.App. 67, 69, 399 P.2d 688, 690.

The Court of Appeals later took the position that where a person is charged with burglary in the first degree, a crime which is not punishable by life imprisonment, but wherein a charge of a prior conviction enhances that to a possible life imprisonment, that if the allegation of prior conviction is dropped then the Court of Appeals would have jurisdiction over the particular crime as charged and under which the defendant was sentenced. This court stated in that situation:

"The Court of Appeals in answer to the application for the writ stated that it had jurisdiction on the basis that 'it was an appeal *from the sentence for the judgment* of conviction for first degree burglary' and the 'minute entry and formal written judgment were silent as to a prior conviction.' We do not agree with *their contention.*

"For purposes of determining appellate jurisdiction, the reviewing court must *took.*" State ex rel. Corbin v. Court of *could have been imposed for the offense charged and not what the final judgment and sentence was or the form it took.*" State ex rel. Corbin v. Court of Appeals, Division One, 103 Ariz. 315, 318, 441 P.2d 544, 547 (1968).

In the instant case, the crime charged in the information and to which the defendant entered his original plea was punishable by life imprisonment. Should the matter be reversed on appeal, he has agreed that he could be tried for the crime as originally charged unless by the action of this court in vesting jurisdiction on the Court of Appeals we are stating that this is not a crime involving life imprisonment and the agreement may not be enforced upon remand.

When the legislature intended to exclude from the Court of Appeals "criminal actions involving crimes punishable by death or life imprisonment" it was interested in the severity of the crime as charged, and not the crime as compromised, or the sentence imposed. I do not believe under the Constitution we are able to confer upon the Court of Appeals jurisdiction it does not have in its legislative grant of authority. I believe this court should retain jurisdiction.