Charles C. BOYETT, III *v.* STATE of Arkansas

CR 86-80                716 S.W.2d 749

Supreme Court of Arkansas
Opinion delivered September 29, 1986

*Howell, Price, Basham & Hope, P.A.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Robert A. Ginnaven, III*, Asst. Att'y Gen., for appellee.

GEORGE ROSE SMITH, Justice. In 1983 the appellant Boyett and Steven E. Rice were jointly charged, on the day after a bank robbery, with aggravated robbery and theft of property. About a month later the circuit judge accepted negotiated pleas of guilty and sentenced each defendant to concurrent terms of 20 years for the robbery and 5 years for the theft. In 1985 Boyett filed the present *pro se* petition for relief under Criminal Procedure Rule 37, asking that his sentences be set aside for ineffective assistance of counsel. The trial court denied the petition without a hearing, finding from the record that even if all the allegations of the petition were established, there would still be no basis for relief. The court added "for purposes of appellate review" that even if the court were inclined to grant an evidentiary hearing, the court would not grant a new trial on the issue of guilt but would grant a rehearing only as to the sentences, because the petition sought only that relief. We hold that the court was in error. Our jurisdiction is under Rule 29(1)(e).

Most of the allegations in the petition were already supported by the record. Boyett and Rice were both represented by the same public defender, Joe O'Bryan, who was appointed to handle their defense. Boyett was a first offender who had no other charges pending against him. Rice had prior convictions for theft of property and forgery. In addition, charges were pending against Rice in four other felony cases. The judgment accepting

the pleas provided that the 20 and 5 year terms were to run concurrently with the terms in the other four pending cases. The record does not show whether additional punishment was actually assessed against Rice in the other cases. The petition also alleges (a) that the 20-year and 5-year sentences were offered by the State as a "package deal" that had to be accepted by both defendants and (b) that Rice was the more culpable participant in that he had entered the bank with a gun while Boyett waited outside in a car.

The possibility of ineffective assistance arises from the lawyer's representation of both defendants. The principles controlling this case were laid down in *Holloway* v. *Arkansas*, 435 U.S. 475 (1978), reversing *Holloway* v. *State*, 260 Ark. 250, 539 S.W.2d 435 (1976). There the public defender, representing all three defendants in a robbery case, asked that separate counsel be appointed to represent each defendant, because their interests were conflicting. Counsel did not feel free to disclose just what the conflict was. We affirmed the trial court's refusal to appoint separate counsel, basing our decision on the absence of a showing of any material basis for the alleged conflict of interest.

In reversing our decision the Supreme Court held that it is not necessary for a defendant to show that the conflict of interest prejudices him in some specific fashion. The Court buttressed its position with this reasoning:

> Joint representation of conflicting interests is suspect because of what it tends to prevent the attorney from doing. For example, in this case it may well have precluded defense counsel for Campbell from exploring possible plea negotiations and the possibility of an agreement to testify for the prosecution, provided a lesser charge or a favorable sentencing recommendation would be acceptable. . . .

> But in a case of joint representation of conflicting interests the evil — it bears repeating — is in what the advocate finds himself compelled to *refrain* from doing, not only at trial but also as to possible pretrial negotiations and in the sentencing process. 435 U.S. 489-490.

Absent an evidentiary hearing at which the facts may be developed and at which Mr. O'Bryan may explain his

acceptance of the State's package, the possibilities of injustice outlined by the Supreme Court are present in the case at bar. Boyett's status as a first offender was in decided contrast to Rice's prior convictions and pending charges. A separate attorney for Boyett could probably have negotiated a lighter punishment than that to be inflicted upon Rice. But Boyett's advantages melted away when there was only one defense lawyer for both defendants, for that lawyer obviously could not in good conscience play one of his clients against the other in pretrial negotiations. We are not saying that he is entitled to relief; we are saying that he is entitled to a hearing.

■ Little need be said about the trial judge's suggestion that Boyett be restricted to an attack upon the sentences alone. It is the established practice in Arkansas for the courts to be liberal in allowing amendments to Rule 37 petitions, for under Rule 37.2(b) a prisoner is not ordinarily permitted to file a second petition after his first one has been denied.

Reversed.

HICKMAN, J., not participating.