Ronnie Lee BIRCHETT *v.* STATE of Arkansas

CR 86-162                                    724 S.W.2d 492

Supreme Court of Arkansas
Opinion delivered March 2, 1987

*William R. Simpson, Jr.*, Public Defender, and *Howard W. Koopman*, Deputy Public Defender, by: *Arthur L. Allen*, Deputy

Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Blake Hendrix*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. ■ Appellant was found guilty by a jury in March 1986 of hindering apprehension, and sentenced, as a habitual offender, to a term of forty years. At the penalty phase of his trial, appellant objected to the use of six prior felony convictions to enhance his sentence because they were on appeal.[1] Appellant urges this court to modify its ruling in *Glick* v. *State, infra,* and hold that prior convictions on direct appeal cannot be considered for the purpose of sentence enhancement. We decline to do so and, therefore, affirm.

■ The habitual offender statutes, Ark. Stat. Ann. § 41-1001—1005 (Repl. 1977 & Supp. 1985), provide for the enhancement of sentence based on the number of prior felony convictions or findings of guilt. In *Hill* v. *State,* 13 Ark. App. 307, 310, 683 S.W.2d 628, 630 (1985), the court of appeals upheld the use of prior convictions on appeal for enhancement of punishment, stating:

> Adopting the theory advanced by the appellant would result, as a practical matter, in rarely ever being able to apply the habitual criminal statutes, since criminal defendants have numerous avenues through which to seek relief, including direct appeal, petitions under Rule 37, and federal habeas corpus petitions. We do not believe that the legislature intended the result urged by the appellant.

■■ In *Glick* v. *State,* 286 Ark. 133, 689 S.W.2d 559 (1985), we agreed with the reasoning of the court in *Hill, supra,* and held that, for purposes of sentence enhancement, a conviction is final when judgment is pronounced. We have also stated, in *Mannix* v. *State,* 273 Ark. 492, 621 S.W.2d 222 (1981), that a prior decision will be upheld unless an injustice would result. We find no injustice in the case presented here.

---

[1] In May 1986, the six convictions were reversed and remanded. *See Birchett* v. *State,* 289 Ark. 16, 708 S.W.2d 625 (1986). Appellant's attorney, at oral argument, informed the court that appellant, on retrial, was again convicted of "some" of the six charges, and those convictions will be appealed.

■ While appellant seeks to have *Glick* modified only with regard to prior convictions on direct appeal, we are unconvinced, as appellant suggests, that the application of our previous ruling is either fundamentally unfair or out of step with other jurisdictions. Under appellant's proposal, not only would the use of prior convictions for enhancement purposes be delayed, but, in many cases, the State would be foreclosed from availing itself of their use. Appellant, on the other hand, can, under these circumstances, petition for post-conviction relief and thereby request his original sentence be modified on the ground his sentence is in excess of the maximum authorized by law. A.R.Cr.P. Rule 37.1. Appellant claims, however, the Rule 37 relief is unsatisfactory and ineffective because he is not entitled to an attorney under that rule. Of course, Rule 37.3(b) does provide for the appointment of counsel for a hearing in both the circuit court and, on appeal, this court. And, while a petitioner has no right to counsel at the time he prepares a Rule 37 petition, the procedure in preparing such a verified petition is uncomplicated, and it is the established practice in Arkansas for the courts to be liberal in allowing amendments to such petitions. *See Bogett* v. *State*, 290 Ark. 43, 716 S.W.2d 749 (1986); *see also Knappenberger* v. *State*, 278 Ark. 382, 647 S.W.2d 417 (1983).

■ Appellant further argues that other jurisdictions adhere to the rule that prior convictions on appeal may not be used for sentence enhancement. We are unaware of what other remedies those jurisdictions provide defendants who are in situations comparable to that posed here, but certainly we believe the remedy allowed under our statutory scheme is a fundamentally fair one. In any event, we think it important to note that we are not alone in holding that, for purposes of sentence enhancement, a conviction is final when judgment is pronounced. *See, Prock* v. *State*, 471 So. 2d 519 (Ala. Crim. App. 1985); *Jackson* v. *State*, 418 So. 2d 827 (Miss. 1982); *People* v. *District Court, Etc.*, 559 P.2d 235 (Colo. 1977); *Sutton* v. *State*, 519 S.W.2d 422 (Tex. Crim. 1975); *People* v. *Sarnblad*, 26 Cal. App. 3d 801, 103 Cal. Rptr. 211 (1972); *State ex rel Corbin* v. *Court of Appeals, Etc.*, 103 Ariz. 315, 441 P.2d 544 (1968). As the Supreme Court of Colorado concluded in *People* v. *District Court, Etc., supra*: "If prior convictions on appeal were not included, many recent felony convictions might be effectively exempted from the opera-

tion of the statute. This would be clearly inconsistent with the obvious purpose of the statute, which is to punish repeat offenders." 559 P.2d at 236. Because we agree with this statement, and believe viable remedies are available, we affirm.

Affirmed.