[Crim. No. 21392. Second Dist., Div. One. June 30, 1972.]

THE PEOPLE, Plaintiff and Appellant, v.
DONALD SARNBLAD, Defendant and Respondent.

**COUNSEL**

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, William E. James, Assistant Attorney General, Joseph P. Busch, District Attorney, Harry Wood and Daniel L. Lieberman, Deputy District Attorneys, for Plaintiff and Appellant.

Boss & Mason and Lawrence E. Mason for Defendant and Respondent.

**OPINION**

**LILLIE, Acting P. J.**—The People appeal from order dismissing information charging defendant with a violation of section 311.2, Penal Code—knowingly exhibiting to others obscene matter, to wit, a motion picture—and a prior conviction of the same section, after defendant's motion to dismiss pursuant to section 995, Penal Code, was granted.

On July 15, 1971, Officer Kimber served a search warrant for three described films at the Por-No Theater, 1610 North Cahuenga, Los Angeles; when he arrived defendant was absent but he displayed the search warrant

to an employee who then assisted him with the three films; as he was rewinding the film for which the warrant was issued, defendant arrived carrying three reels of film[1] and inquired what "was going on"; he identified himself as a police officer, said he had a warrant, showed defendant the original and gave him a copy; defendant then took the reels he was carrying into the projection booth and put one of the films on the projector. On the previous day (July 14) Officer Kimber had been to the Por-No Theater where he saw the same employee behind the ticket counter and was informed by him "we have three reels of film showing. One is entitled 'Incubus' and the other two are not titled and there is a five-dollar admission fee"; he gave five dollars to the employee who accepted it and admitted him to the theater where he viewed the films.

On the issue of whether defendant knowingly exhibited obscene material to others on July 14, a document bearing notary public seal and signature of Sgt. A. E. Ryan, 3040, certifying two pages thereof to be true photostatic copies of original public records of the police commission—Motion Picture Show, Application for Police Permit for Por-No Inc., 1610 North Cahuenga Blvd., in the name of Donald Alton Sarnblad, dated February 16, 1971, and granted March 3, 1971, and attached to said application, Arrest or Criminal Court Information with the signature, "Donald Sarnblad"—was received as exhibit 4. As proof of prior misdemeanor conviction (violation § 311.2, Pen. Code), certified copies of original docket on file with the clerk of municipal court in cases Nos. 381730 and 386616 were received as exhibits 2 and 3. ■ The three films seized (exhibits 5, 5-A and 5-B) were run in the courtroom for and viewed by the magistrate. Officer Kimber testified that these films were the same as those he saw on July 14. After extensive examination Officer Petroski was qualified as an expert, and testified that based upon his experience, training and research, it was his opinion that the films were obscene.

In granting the motion to dismiss the judge gave no reason for finding that the evidence was insufficient to justify the magistrate's order holding defendant to answer. While he indicated he had read "the complete transcript" there is nothing in the record before us to show he viewed the films thus, we presume in favor of the finding of the magistrate that they were in fact obscene, and there is here no obscenity issue on the merits.

Appellant claims that the evidence is sufficient to establish that defendant knowingly exhibited obscene films. The dismissal is defended on the ground that there is no evidence that defendant was aware that the films were

---

[1]These films were not seized inasmuch as they were not mentioned in the search warrant.

being exhibited on July 14 or that he was even on the premises at that time. ■ First, official public records of the police commission properly received in evidence (Exh. 4) established that defendant was one of the persons involved in the operation of the Por-No Theater—an application for a police permit for a motion picture show at that address was made in the name of defendant, and thereafter an amended permit in defendant's name was granted on March 3, 1971. Second, the pandering nature of the name of the theater reasonably implies that one involved with its operation would be aware of the kind of films shown therein. (*Ginzburg* v. *United States,* 383 U.S. 463 [16 L.Ed.2d 31, 86 S.Ct. 942].) Third, Officer Kimber observed defendant at the Por-No Theater the day after the films were exhibited, his proprietary attitude and his obvious participation in the activity of exhibiting film. While the officer was in the theater, defendant entered carrying three reels of film, inquired what "was going on" and entered the projection booth, an area not normally open to the public, and put one of the films on the projector. The foregoing supports the inference that defendant brought three films to the theater to use in place of the seized films and was preparing to exhibit them. The magistrate's conclusion that Sarnblad knowingly exhibited to others obscene films at the Por-No Theater on July 14, 1971, is supported by the evidence. The magistrate had the power to weigh the evidence, resolve factual conflicts and determine credibility of witnesses. ■ In considering a section 995 motion, the superior court may not balance the evidence or substitute its judgment as to the weight of the evidence for that of the committing magistrate; and if there is some evidence in support of the information the court will not inquire into its sufficiency. (*Perry* v. *Superior Court,* 57 Cal.2d 276, 283-284 [19 Cal.Rptr. 1, 368 P.2d 529].)

Also, evidence was adduced at the preliminary hearing to establish that defendant had suffered a prior misdemeanor conviction of violation of section 311.2, Penal Code. Defendant argues that there must be something more than a similarity of name, such as photographs or fingerprints, to create a reasonable suspicion that he is the same person who was previously convicted. Exhibits 2 and 3 show that Donald Sarnblad was charged in the Municipal Court of the Los Angeles Judicial District with having committed violations of section 311.2, Penal Code, on March 8, 1971 (No. 381730) and April 27, 1971 (No. 386616); ultimately the causes were consolidated and Sarnblad entered a plea of nolo contendere on count I in each case; on July 6, 1971, he was sentenced to the county jail. ■ There is no evidence in the record before us that defendant was not the Donald Sarnblad previously convicted. We think the name is sufficiently uncommon that the magistrate's finding of identity of person is supported by an inference based on identity of name. (*People* v. *Luckett,*

1 Cal.App.3d 248, 253 [81 Cal.Rptr. 539].) Although photographic or fingerprint evidence may be utilized to prove priors, such was not necessary here. Exhibits 2 and 3 show that notice of appeal was filed in each case and that at the time of the preliminary hearing herein said appeals were pending.[2] ■ Such fact is not significant, for a conviction may be considered as a prior in spite of a pending appeal. (*People* v. *Clapp,* 67 Cal. App.2d 197, 200 [153 P.2d 758].)

■ " 'An [information] will not be set aside or a prosecution thereon prohibited if there is some rational ground for assuming the *possibility* that an offense has been committed and the accused is guilty of it.' " (*People* v. *Ketchel,* 59 Cal.2d 503, 532 [30 Cal.Rptr. 538, 381 P.2d 394]; *Rideout* v. *Superior Court,* 67 Cal.2d 471, 474 [62 Cal.Rptr. 581, 432 P.2d 197]; *Jackson* v. *Superior Court,* 62 Cal.2d 521, 525 [42 Cal.Rptr. 838, 399 P.2d 374].) ■ Evidence that will justify a prosecution need not be sufficient to prove a conviction. (*Lorenson* v. *Superior Court,* 35 Cal.2d 49, 56 [216 P.2d 859].) ■ Applying the foregoing rules and drawing every legitimate inference from the evidence in favor of the information (*Rideout* v. *Superior Court, supra,* 67 Cal.2d 471, 474), we conclude there was sufficient evidence to justify the magistrate's order holding defendant to answer.

The magistrate denied defendant's motion to quash the search warrant (Exh. 1). ■ Defendant reasserts his attack on the legal insufficiency of the affidavit supporting the warrant on the ground that it fails to show affiant (Officer Kimber) has any expertise in the area of either contemporary community standards or prurient appeal, does not recite any matter which would apprise the issuing magistrate what such standards are, and alleges no facts showing the films were beyond the community standard or appealed to the prurient interest of the average person in California, thus, the magistrate could not base his opinion of sufficient probable cause on the affidavit. The affidavit in support of and petition for search warrant and warrant are part of the record.

There was no adversary hearing prior to the issuance of the search warrant, and in the instant case none was required. (*Monica Theater* v. *Municipal Court,* 9 Cal.App.3d 1, 13 [88 Cal.Rptr. 71]; *People* v. *Golden,* 20 Cal.App.3d 211, 215 [97 Cal.Rptr. 476].) Nor in light of the factual assertions contained in the affidavit can we conclude it was necessary for affiant to therein assert an expertise in the area of contemporary community standards or for the issuing magistrate to be apprised therein of such stand-

---

[2]The Appellate Department of the Superior Court of the County of Los Angeles on January 4, 1972, affirmed the judgments.

ards in order for him to determine the issue of probable cause. The only reason for such a showing would be to provide a means of establishing the obscene nature and identity of the matter to be seized under the warrant; but for the purpose, of probable cause here the factual allegations themselves are sufficient to establish the obscenity factor and identity of the films. Officer Kimber's lengthy recitation in the affidavit of the content of the films indicates without question that they were described by him as obscene, thus the obscenity factor on the issue of probable cause was established by his graphic and detailed description. Too, there is an assertion by affiant that said films were exhibited in the Por-No Theater bearing a marquee announcing "Adult Film Novelties," and a display window advertising "Everything in adult movies, paperbacks, films and plastic goods . . . erotic films . . ." — evidence that the Por-No Theater was engaged in the business of pandering, the business of purveying textual or graphic matter openly advertised to appeal to the erotic interest of its patrons. (*Ginzburg* v. *United States,* 383 U.S. 463 [16 L.Ed.2d 31, 86 S.Ct. 942].) We have no concern here with the final determination as to the obscene nature of the films; even a prior adversary hearing before the issuing magistrate establishes no more than probable cause and does not establish obscenity itself or there would be no need for a trial. (*People* v. *Golden,* 20 Cal.App.3d 211, 215 [97 Cal.Rptr. 476].) While " 'it is a denial of due process for a trial court not to allow a defendant to prove contemporary community standards at his trial. (*In re Harris, supra* [56 Cal.2d 879] at p. 880.)' " (*People* v. *Luros,* 4 Cal.3d 84, 88 [92 Cal.Rptr. 833, 480 P.2d 633]), the Supreme Court in *Aday* v. *Superior Court,* 55 Cal.2d 789, 798-799 [13 Cal.Rptr. 415, 362 P.2d 47], laid down, and in *People* v. *Luros, supra,* 4 Cal.3d 84, reaffirmed, the rules as to the determination of probable cause in obscenity cases. Referring to *Aday* v. *Superior Court, supra,* 55 Cal.2d 789, in which defendant challenged an indictment because no evidence of contemporary community standards had been submitted to the grand jury, and a subsequent case, *People* v. *Aday,* 226 Cal.App.2d 520 [38 Cal.Rptr. 199] (hg. den.), holding that: "A determination of obscenity may therefore be made by a grand jury, insofar as the issue of probable cause is concerned, without the necessity of receiving evidence as to such standards," (p. 531), the Supreme Court in *People* v. *Luros, supra,* 4 Cal.3d 84, also involving a grand jury indictment, said "In the nine and a half years since our decision in *Aday* v. *Superior Court* and the six and a half years since our denial of a hearing in *People* v. *Aday,* we have not overruled, disapproved or in any way qualified the rules as to the determination of probable cause in obscenity cases. The *Aday* cases retain their full vitality as precedents on this question and we conclude, to use our former language, that it is 'not necessary . . . to . . . receive evidence as to contemporary community

standards in order to determine the issue of probable cause.' (55 Cal.2d at p. 798.) The failure to introduce evidence of contemporary community standards before the grand jury did not render the instant indictment defective." (P. 89.) Thus we conclude here that assertion of neither expertise nor contemporary community standards was necessary to justify the issuance of the warrant. (*People* v. *Golden,* 20 Cal.App.3d 211, 216 [97 Cal. Rptr. 476].) Officer Kimber's description in the affidavit of the film content is such as to show that the films were obscene, and he having alleged that he viewed the films at the Por-No Theater which, according to public record, was owned by persons, one of whom is defendant, we conclude that the determination by the issuing magistrate that probable cause existed was proper and the search warrant for seizure of the films was legally issued.

The order is reversed.

Thompson, J., and Clark, J., concurred.