[Civ. No. 23408. Fourth Dist., Div. Two. Apr. 16, 1981.]

THE PEOPLE ex rel. KEITH GOW, as City Attorney, etc.,
Plaintiff and Respondent, v.
MITCHELL BROTHERS' SANTA ANA THEATER et al.,
Defendants and Appellants.

864

COUNSEL

William K. Maas, Jr., and Meredith Bradford for Defendants and Appellants.

James J. Clancy for Plaintiff and Respondent.

OPINION

**MORRIS, J.**—This is the third appeal between these parties to be decided by this court within the last 15 months.[1] In this case, as in the previous two, the Santa Ana City Attorney brought suit, pursuant to Code of Civil Procedure section 731, against the owners and operators of the defendant movie theater to abate a public nuisance. The public nuisance was alleged to be the exhibition of obscene films.[2] In the present case, the defendants appeal from an order granting a preliminary injunction. By that order, the defendants are currently prevented from exhibiting or selling 50 named films and film previews and the video tape cassettes of those films and previews. The preliminary injunction was issued when the trial court determined, after an adversary hearing, that the films and previews were obscene by clear and convincing evidence.

The defendants' threshold argument is that the issuance of a preliminary injunction in accordance with the standards of the Code of Civil Procedure is constitutionally invalid in cases involving the exhibition of motion pictures, an activity protected by the First Amendment. 
The applicable law was stated by the Supreme Court in *Southeastern Promotions, Ltd.* v. *Conrad* (1975) 420 U.S. 546, 559-560 [43 L.Ed.2d 448, 459-460, 95 S.Ct. 1239]: "The settled rule is that a system of prior restraint 'avoids constitutional infirmity only if it takes place under procedural safeguards designed to obviate the dangers of a censorship system.' [Citations.] . . . [A] system of prior restraint runs afoul of the First Amendment if it lacks certain safeguards: *First*, the burden of instituting judicial proceedings, and of proving that the material is unprotected, must rest on the censor. *Second*, any restraint prior to ju-

---

[1] The other two cases are *People* ex rel. *Gow* v. *Mitchell Brothers' Santa Ana Theater* (1981) 114 Cal.App.3d 923 [171 Cal.Rptr. 85] (hereinafter referred to as *Gow II*), and *People* ex rel. *Gow* v. *Mitchell Brothers' Santa Ana Theater* (1980) 101 Cal. App.3d 296 [161 Cal.Rptr. 562] (hereinafter referred to as *Gow I*).

[2] The use of civil nuisance abatement proceedings to regulate obscenity was authorized by the California Supreme Court in *People* ex rel. *Busch* v. *Projection Room Theater* (1976) 17 Cal.3d 42 [130 Cal.Rptr. 328, 550 P.2d 600], cert. den. *sub nom.*, *Van de Kamp* v. *Projection Room Theater* 429 U.S. 922 [50 L.Ed.2d 289, 97 S.Ct. 320].

dicial review can be imposed only for a specified brief period and only for the purpose of preserving the status quo. *Third,* a prompt final judicial determination must be assured."[3]

Defendants claim that the California procedure on injunctions is deficient in this case, because it fails to provide the second and third safeguards required by the *Southeastern Promotions* case. The statute in issue is section 527, subdivision (a), of the Code of Civil Procedure, which states the law regarding prejudgment injunctions. That statute provides that "[a]n injunction may be granted at any time before judgment upon a verified complaint, or upon affidavits if the complaint in the one case, or the affidavits in the other, show satisfactorily that sufficient grounds exist therefor.... When the cause is at issue it shall be set for trial at the earliest possible date and shall take precedence of all other cases, except older matters of the same character, and matters to which special precedence may be given by law."

■ The defendants' claim on this issue has been expressly rejected twice before. (*Gow I, supra,* 101 Cal.App.3d 296, 301-305; *In re Ward* (1978) 82 Cal.App.3d 981, 984-989 [147 Cal.Rptr. 146].) The *Ward* court stated that the issuance of a preliminary injunction, after an adversary hearing, against motion pictures is not an unconstitutional prior restraint, because "there is a statutory imperative [§ 527, subd. (a)], enforceable by extraordinary writ proceedings in the appellate courts, requiring that matters wherein a preliminary injunction has been granted be given the highest priority for final determination." (82 Cal. App.3d, at p. 987.) And, as we stated in *Gow I,* "While under Code of Civil Procedure section 527, subdivision (a), either party would be entitled to bring the case to an early trial, in the context of an injunction to abate the exhibition of obscene materials, that burden is on the People and the failure to take such action would be a ground for the dissolu-

[3]See also *Vance v. Universal Amusement Co., Inc.* (1980) 445 U.S. 308 [63 L.Ed.2d 413, 100 S.Ct. 1156] where the Supreme Court said "(a) that the regulation of a communicative activity such as the exhibition of motion pictures must adhere to more narrowly drawn procedures than is necessary for the abatement of an ordinary nuisance, and (b) that the burden of supporting an injunction against a future exhibition is even heavier than the burden of justifying the imposition of a criminal sanction for a past communication." (*Id.* at pp. 315-316 [63 L.Ed.2d at p. 420, 100 S.Ct. at pp. 1160-1161], fns. omitted.) In *Vance,* the court held invalid the enjoining of the showing of movies under a Texas public nuisance statute where that statute, "when coupled with the Texas Rules of Civil Procedure, ... authorizes prior restraints of indefinite duration on the exhibition of motion pictures that have not been finally adjudicated to be obscene." (*Id.,* at p. 316 [63 L.Ed.2d at p. 420, 100 S.Ct. at p. 1161], fn. omitted.)

tion of the preliminary injunction." (101 Cal.App.3d, at p. 304, fn. omitted.) We thus hold, again, that the procedures governing the issuance of preliminary injunctions in public nuisance abatement actions provide sufficient safeguards so as to operate in a constitutional manner when applied to the regulation of allegedly obscene films.[4]

Defendants make the related claim that the trial court did not have the power to preliminarily enjoin the sale of video tape cassettes of allegedly obscene films. They argue that issuing such an injunction is an impermissible extension of the *Busch* case and "is virtually a lawless action completely outside the bounds of statutory and case law, and flatly contrary to the rules forbidding prior restraints." ■ We disagree. The trial court's action was well within the constitutional boundaries established by both the United States and California Supreme Courts.

In *Paris Adult Theatre I* v. *Slaton* (1973) 413 U.S. 49, 68-69 [37 L.Ed.2d 446, 463-464, 93 S.Ct. 2628], it was held that "[c]*ommercial exploitation* of depictions, descriptions, or exhibitions of obscene conduct on commercial premises open to the adult public falls within a State's broad power to regulate commerce and protect the public environment.... The States have the power to make a morally neutral judgment that public exhibition of obscene material, *or commerce in such material*, has a tendency to injure the community as a whole, to endanger the public safety, or to jeopardize, in Mr. Chief Justice Warren's words, the States' 'right ... to maintain a decent society.' [Citation.]" (Italics added.) Similarly, in *People* v. *Luros* (1971) 4 Cal.3d 84, 93 [92 Cal.Rptr. 833, 480 P.2d 633], cert. den., 404 U.S. 824 [30 L.Ed.2d 52, 92 S.Ct. 51], it was said that "States retain broad power to regulate obscenity and regulation of the *public distribution* of obscenity falls well within the broad scope of that power." (Italics added.) These portions of *Paris* and *Luros* were quoted with approval in *Busch, supra*, 17 Cal.3d at pages 51-53. (See also *Gow II, supra*, 114 Cal.App.3d at p. 932, fn. 10.) The sale of video tape cassettes of obscene films is clearly "commerce in" and "public distribution of"

---

[4]The defendants make the additional claim that *any* prior restraint is impermissible in this state, since it is expressly forbidden by article I, section 2 of the California Constitution, which provides in part, "A law may not restrain or abridge liberty of speech or press." However, this contention is unaccompanied by any supporting argument or authority, save an inaccurate quotation of the constitutional section itself. It is clear that under the First Amendment of the federal Constitution, prior restraints are permissible in certain circumstances. (*Southeastern Promotions, Ltd.* v. *Conrad, supra*, 420 U.S. at p. 558.) Since defendants state no reason for adopting a different rule under the state Constitution, we reject their novel claim.

obscenity and may be regulated by the same means, including preliminary injunctions when appropriate, as is the exhibition of those films.

The defendants' next contention is that the trial court did not follow the general rules on preliminary injunctions in making its order. Specifically, the defendants assert that the granting of the preliminary injunction was improper because the plaintiffs failed to show irreparable injury, because a greater injury results to the defendant in granting the preliminary injunction than to the plaintiff in refusing it, and because there is no likelihood that the plaintiff will prevail on the merits.

■ The law regarding preliminary injunctions was best summarized in *Continental Baking Co. v. Katz* (1968) 68 Cal.2d 512, 528 [67 Cal. Rptr. 761, 439 P.2d 889]: "The general purpose of such an injunction is the preservation of the status quo until a final determination of the merits of the action. [Citations.] Thus, the court examines all of the material before it in order to consider 'whether a greater injury will result to the defendant from granting the injunction than to the plaintiff from refusing it; . . .' [Citations.] In making that determination the court will consider the probability of the plaintiff's ultimately prevailing in the case and, it has been said, will deny a preliminary injunction unless there is a reasonable probability that plaintiff will be successful in the assertion of his rights. [Citations.]" (See also *People v. Adult World Bookstore* (1980) 108 Cal.App.3d 404, 408 [166 Cal. Rptr. 519].)

The trial court, then, must decide which party will be injured more by an adverse ruling on an application for a preliminary injunction. That decision, however, "'rests in the sound discretion of the trial court, and . . . may not be interfered with on appeal, except for an abuse of discretion.'" (*Continental Baking Co. v. Katz, supra,* 68 Cal.2d at p. 527.) Such abuse of discretion must be clearly shown. (*People v. Columbia Research Corp.* (1977) 71 Cal.App.3d 607, 609 [139 Cal.Rptr. 517], cert. den., 434 U.S. 904 [54 L.Ed.2d 191, 98 S.Ct. 302].) We conclude that defendants have failed to make the required showing.

■ Defendants contend that the trial court could not grant a preliminary injunction because the plaintiff did not allege that it would be "irreparably injured" by the denial of the injunction. An "irreparable injury" is sometimes considered a requirement for preliminary injunc-

tive relief. (See 2 Witkin, Cal. Procedure (2d ed. 1970) Provisional Remedies, § 51, pp. 1499-1500.) Defendants, however, apparently misunderstand the meaning of the term, since the harm caused by the unabated exhibition of obscene films clearly constitutes an irreparable injury. As was noted in *Wind* v. *Herbert* (1960) 186 Cal.App.2d 276, 285 [8 Cal.Rptr. 817], "'the word "irreparable" is a very unhappily chosen one, used in expressing the rule that an injunction may issue to prevent wrongs of a repeated and continuing character, or which occasion damages estimable only by conjecture and not by any accurate standard.'" If the motion pictures currently under preliminary injunction are later found to be obscene, their exhibition now would be a wrong "of a repeated and continuing character," and, since a permanent injunction is the only relief to which the plaintiff is entitled in this case (*Gow II, supra,* 114 Cal.App.3d at pp. 930-933), no damages at all could be computed. The injury alleged by the plaintiff is irreparable in nature.

Defendants also assert that the trial court abused its discretion since there is no likelihood that plaintiff will prevail on the merits. This claim is based on the allegation in defendants' appellate brief that four of the films preliminarily enjoined were viewed by a jury in the *Gow II* case and were either found not obscene or were not found obscene because of the jury's inability to reach a verdict. Defendants have provided an inadequate brief on appeal to make this argument. The only reference to the record in conjunction with this argument is to a brief passage in the reporter's transcript showing that defendants' attorney made the same conclusionary claim to the trial court during oral argument on the preliminary injunction motion. Defendants have not shown where, if anywhere, in the record there exists proof that the four films in this case are indeed identical to the four films in *Gow II.* Two films, although sharing the same title, may actually be different versions of a movie, and, thus, substantively different in content from each other. Moreover, even if the four films in this case and *Gow II* were shown satisfactorily to be identical, defendants have failed to cite any portion of the record that supports their contention about the substance of the jury's verdicts in the *Gow II* case.[5]

---

[5]Defendants have not argued res judicata or collateral estoppel as defenses to the preliminary injunction against the four films, presumably because the *Gow II* judgment was not final at the time their opening brief was filed. Nothing in this opinion should be construed as preventing defendants from raising those defenses, by appropriate

■ Finally, defendants contend that the preliminary injunction was improperly issued because the trial court used an incorrect standard of proof. The court found that the fact that the 50 films and film previews were obscene was "established by clear and convincing evidence." Subsequent to that finding, we held in *Gow II, supra,* 114 Cal.App.3d at page 935 that "the issue of obscenity *vel non* in a public nuisance abatement action must be proved beyond a reasonable doubt." The trial court committed no reversible error in this case. *Gow II* establishes a high burden of proof for the issuance of *permanent* injunctive relief. A preliminary injunction, however, is only a *temporary* remedy. In determining the propriety of granting a preliminary injunction, the trial court does not decide the case on its merits; it merely decides whether or not a defendant's activities should be limited during the period before a final judgment is made. (See *Gow I, supra,* 101 Cal.App.3d at p. 305, fn. 8.) One of the prime factors considered in making the determination is, as we noted earlier, the probability that a plaintiff will prevail when the case is decided on the merits. In the present case, the trial court's finding that the films and film previews were obscene by clear and convincing evidence shows that it is reasonably probable that the plaintiff will obtain the permanent injunction it seeks, even though to do so the plaintiff must prove its case beyond a reasonable doubt.

■ Considering the irreparable nature of the threatened injury to plaintiff, defendants' inability to show that it is not reasonably probable that plaintiff will prevail on the merits, and the trial court's conclusion that the films and film previews were obscene by clear and convincing evidence, we are unable to say that the trial court abused its discretion in granting a preliminary injunction. It was reasonable to conclude under these circumstances that plaintiff would suffer greater harm from the denial of the injunction than defendants will suffer from its issuance.[6]

---

proof, after *Gow II* is final as grounds for dissolving the preliminary injunction or for denying permanent injunctive relief.

[6]Defendants make the conclusionary argument that "a far greater injury will inure to Defendant in the form of denial of favored constitutional rights than can result to the Plaintiff if the films are allowed to be shown pending final determination on the merits." If the preliminary injunction had issued without the constitutional safeguard of an adversary hearing, defendants' claim would be valid. In the present case, however, an adversary hearing was held, after which the trial court found the films and film previews obscene by clear and convincing evidence. This finding shows a reasonable probability that the plaintiff will prevail on the merits, which would mean that no "favored constitutional rights" of the defendants would have been denied.

The order granting the preliminary injunction is affirmed.

Kaufman, Acting P. J., and Garst, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.