Filed 4/21/16  Hinojos v. Asset Ventures CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| EZEQUIEL HINOJOS, <br><br>    Plaintiff and Appellant, <br><br>v. <br><br>ASSET VENTURES, LLC, ET AL., <br><br>    Defendants and Respondents. | H040853 <br> (Santa Clara County <br> Super. Ct. No. 113CV256853) |

In 2006, Plaintiff and appellant Ezequiel Hinojos obtained a home equity line of credit (HELOC) secured by a deed of trust on his home.  In 2009, Hinojos defaulted on the loan.  He has not made any payments since then.  In 2012, the lender assigned the loan to an investor.  After a series of assignments, Asset Ventures, LLC (Asset Ventures) purported to hold the beneficial interest in the loan and proceeded to foreclose on the property.  Six days before the foreclosure sale, Hinojos filed a complaint alleging wrongful foreclosure and other claims against Asset Ventures, among others.  He also obtained an order temporarily restraining the foreclosure sale.  After a hearing, the trial court denied Hinojos's request for a preliminary injunction.  Hinojos challenges that order in this appeal.

Hinojos did not request a stay of the proceedings in the trial court.  Consequently, while this appeal was pending, the trial court entered a number of orders, including a judgment of dismissal and two default judgments.  In view of this history, we asked for

supplemental briefing on the question whether this appeal is moot. After considering the supplemental briefs, we conclude this appeal is moot and will dismiss the appeal.

FACTS

On May 10, 2006, Hinojos obtained a HELOC from Well Fargo Bank (Wells Fargo) with a credit line limit of $134,600. The parties describe this HELOC as a "second position loan" and a "junior lien." It was secured by a deed of trust on Hinojos's home in San José (Deed of Trust). The Deed of Trust provided that Hinojos and his wife were the "TRUSTOR[s] ('Grantor[s]')." The trustee was American Securities Company and the "BENEFICIARY ('Lender')" was Wells Fargo.

Hinojos defaulted on the HELOC on December 30, 2009. He did not make any further payments and continued to reside in the home until at least February 2014. By that time, he had lived in the house for more than 35 years.

On March 14, 2012, more than two years after Hinojos defaulted, Well Fargo assigned its interest in the Deed of Trust to Eagle Crest, LLC (Eagle Crest). On April 9, 2012, Eagle Crest assigned its interest in the Deed of Trust to Newport Beach Holdings (NBH). The assignments to Eagle Crest and NBH were both recorded on April 18, 2012.

On August 10, 2012, NBH assigned its interest in the Deed of Trust to Asset Ventures, LLC (Asset Ventures). The assignments (1) from Eagle Crest to NBH and (2) from NBH to Asset Ventures were signed by Michaela Brychcova as "Assistant Vice President" of both Eagle Crest and NBH. The assignment to Asset Ventures was recorded on August 20, 2012.

On April 19, 2013, Asset Ventures recorded a Substitution of Trustee, substituting MTC Financial, Inc. doing business as Trustee Corps (Trustee Corps) in place of American Securities Company. The substitution was signed by Asset Ventures's president, Anthony Martinez. That same day, Trustee Corps recorded a notice of default and election to sell under deed of trust (Notice of Default). According to the Notice of Default, the amount due on the loan as of April 17, 2013—not including foreclosure fees and costs—was $17,167.60. Attached to the Notice of Default was a declaration of

2

compliance with Civil Code section 2923.55, signed by Martinez, which stated that Asset Ventures had exercised due diligence to contact Hinojos to assess his financial situation and explore options to avoid foreclosure.

On November 8, 2013, Trustee Corps issued and recorded a notice of trustee's sale (Notice of Sale), which stated that the property would be sold on December 3, 2013. According to the Notice of Sale, the unpaid balance plus reasonable costs was "estimated" at $105,001.38.

## PROCEDURAL HISTORY

### *Preappeal Procedure in Trial Court*

On November 27, 2013, six days before the date set for the nonjudicial foreclosure sale, Hinojos filed this action in the superior court. The complaint alleged causes of action for (1) wrongful foreclosure, (2) cancellation of recorded instruments, (3) unfair business practices (Bus. & Prof. Code, § 17200 et seq.), (4) fraud, and (5) violations of the California Homeowner Bill of Rights (HBOR)—specifically violations of Civil Code sections 2923.4, 2923.55, 2924c, subd. (b)(1), and 2924.12. The named defendants were Asset Ventures, Trustee Corps, NBH, Martinez, and Brychcova. Eagle Crest was not named in the complaint.

The complaint alleged that NBH did not exist and was not authorized to do business in California, which rendered any assignment by NBH void. It also alleged that since the assignment from NBH to Asset Ventures was void, Asset Ventures did not have the authority to substitute the trustee or to foreclose. And it alleged that Eagle Crest was not authorized to do business in California when it acted in this matter because it had not filed a statement of information with the California Secretary of State. Hinojos argued that these "unlawful assignments have clouded, contaminated[] title and have created uncertainty over the status and ownership of the note executed in favor of Wells Fargo Bank." The complaint also alleged that Martinez had not contacted Hinojos to explore options to avoid foreclosure as stated in Martinez's declaration, and that the assignments

3

signed by Brychcova were defective. Finally, Hinojos alleged the estimated amount due in the Notice of Sale was inflated and excessive. He later asserted that the maximum due was $65,000 and that Asset Ventures had offered to accept $37,000. The relief requested in the complaint included: (1) cancellation of the assignments, the substitution of trustee, the Notice of Default, and the Notice of Sale; (2) damages; (3) a declaration that the debt was an unsecured debt; (4) injunctive relief; (5) punitive damages; and (6) attorney fees.

On December 2, 2013, before any defendant appeared in the action, Hinojos appeared ex parte and obtained a temporary restraining order and an order to show cause for a preliminary injunction, which enjoined the foreclosure sale pending a hearing on his request for a preliminary injunction. The court scheduled a hearing on the preliminary injunction and set a briefing schedule.

Asset Ventures and Brychcova filed opposition to the request for preliminary injunction. Asset Ventures argued the preliminary injunction should be denied because Hinojos would be unlikely to prevail on the merits for several reasons. Regarding Hinojos's statutory claims, Asset Ventures asserted that the HBOR applies to "first lien mortgages or deeds of trust" and not the junior lien in this case, citing Civil Code section 2924.15. Asset Ventures advised the court that the "amount to reinstate" the loan was $20,172.31 as of December 2, 2013, and "the past due amount on the loan [was] $85,397.62." Brychcova told the court that when she signed the assignments, she worked for Corporation Services Company, a document recording company that contracted with both Eagle Crest and NBH, and that she was authorized to sign documents on behalf of both companies.

In light of Brychcova's response, Hinojos advised the court at the hearing that he did not object to Brychcova's name being deleted from the list of persons to be restrained. The court denied the preliminary injunction as to Brychcova and took the matter under submission as to the other parties. On February 13, 2014, the court denied the request for preliminary injunction as to the remaining parties. The court stated: "Plaintiff has not established the likelihood of prevailing on the merits at trial or that under the circumstances presented preliminary injunctive relief is otherwise warranted."

4

Hinojos appealed the court's order denying his request for a preliminary injunction in case No. H040853 (hereafter sometimes "First Appeal").

***Proceedings in Trial Court After Hinojos Filed His Notice of Appeal***

While the First Appeal was pending, we took judicial notice of the notice of appeal filed in *Hinojos v. Asset Ventures, LLC*, case No. H042405, a second appeal filed in this case (hereafter sometimes "Second Appeal"). We then requested supplemental briefing from the parties on the following questions: "Has the real property at issue in both appeals been foreclosed on? In light of the proceedings after the trial court entered its . . . order denying appellant's request for a preliminary injunction . . . , is the appeal of that Order . . . moot?" Hinojos and NBH responded to our request for supplemental briefing. They both state that the property at issue has not been foreclosed upon.

Appellate courts generally disregard matters that occur after the trial court enters the judgment or order that has been appealed. Appellate courts will, however, consider such matters if they cause issues on appeal or the entire appeal to become moot. (*Reserve Ins. Co. v. Pisciotta* (1982) 30 Cal.3d 800, 813.) Since we have raised the mootness issue, we will review the procedural history in the trial court after the court entered its order denying Hinojos's request for a preliminary injunction. The following procedural history is based on: (1) the online docket entries in the superior court's website for this case (Superior Court Case No. 113CV256853); (2) Hinojos's notice of appeal in the Second Appeal (case No. H042405); and (3) the orders attached thereto, all of which we judicially notice on our own motion. (Evid. Code, §§ 452, subd. (d), 459.)

While the parties were waiting for the trial court's order on the request for a preliminary injunction, NBH, Brychcova, Asset Ventures, and Martinez filed demurrers to the original complaint. Asset Ventures and Martinez also filed a motion to strike.

Before the hearing on the demurrers, Hinojos filed a first amended complaint, which added Eagle Crest as a defendant and added causes of action for abuse of process against Eagle Crest and slander of title against Asset Ventures and Martinez. Some of the

5

defendants filed demurrers to the first amended complaint, which were sustained with leave to amend. After that, Hinojos filed two more iterations of his complaint.

In October 2014, after the court sustained demurrers to the second amended complaint with leave to amend, Hinojos filed a request for dismissal without prejudice as to Brychcova.

Hinojos filed his third amended complaint in November 2014. NBH responded with a demurrer and a motion to strike the third amended complaint. In February 2015, the court sustained NBH's demurrers to each of Hinojos's causes of action without leave to amend and concluded that the motion to strike was moot. In March 2015, the court entered a judgment of dismissal in favor of NBH, which Hinojos has appealed in the Second Appeal.

Eagle Crest never appeared in the action. In December 2014, Hinojos took Eagle Crest's default. In February 2015, after a prove-up hearing, the court entered a default judgment against Eagle Crest, which awarded Hinojos $105,001.38 in damages. Hinojos has also appealed that default judgment in the Second Appeal.

Asset Ventures and Martinez did not respond to the third amended complaint. Instead, their attorneys filed motions to be relieved as counsel, which were granted in January 2015. Hinojos subsequently took Asset Ventures's, Martinez's, and Trustee Corps's default. In February 2016, after a prove-up hearing, the court entered a default judgment for Hinojos against Asset Ventures, Martinez, and Trustee Corps. The records we have judicially noticed do not describe the relief awarded in that default judgment.

## DISCUSSION

In this appeal—the First Appeal—Hinojos challenges the trial court's order of February 13, 2014, denying his request for a preliminary injunction. Before examining the merits of the appeal, we first determine whether the appeal is moot.

Hinojos argues the First Appeal is not moot. He acknowledges that as a result of the default judgment entered in February 2016, "Asset Ventures no longer has the legal right to initiate foreclosure on the property . . . ." He contends, however, that a

6

preliminary injunction is "necessary to prevent any . . . adverse action against the property by [NBH]." He also contends a preliminary injunction is necessary for him to collect attorney fees against NBH.

NBH did not foreclose, did not file opposition to the request for a preliminary injunction in the trial court, and did not file a respondent's brief on appeal. (Indeed, none of the defendants have filed a respondent's brief in the First Appeal.) Most of the points raised in NBH's supplemental letter brief address the merits of the Second Appeal. To the extent NBH has responded to the question whether the First Appeal is moot, we understand its argument to be that the First Appeal is moot because the court sustained its demurrer to the third amended complaint without leave to amend.

The other defendants have not responded to our request for supplemental briefing.

### *Legal Principles Regarding Mootness*

"A case is moot when the reviewing court cannot provide the parties with practical, effectual relief. [Citation.] In such cases, the appeal generally should be dismissed. (*Ibid.*) But even if a case is technically moot, the court has inherent power to decide it where the issues presented are important and of continuing interest. [Citation.]" (*City of San Jose v. International Assn. of Firefighters, Local 230* (2009) 178 Cal.App.4th 408, 417-418.)

"When no effective relief can be granted, an appeal is moot and will be dismissed. [Citation.] ' " '[T]he duty of this court . . . is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.' " [Citation.] . . . "[W]hen, pending an appeal from the judgment of a lower court, and without any fault of the [respondent], an event occurs which renders it impossible for [the] court, if it should decide the case in favor of [the appellant], to grant him [or her] any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. [Citations.]" ' " (*In re Jessica K.*

7

(2000) 79 Cal.App.4th 1313, 1315-1316, quoting *Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541.)

### *Nature of a Preliminary Injunction*

A preliminary injunction is an interim remedy designed to preserve the status quo until a final judgment has been entered. (6 Witkin, Cal. Procedure (5th ed. 2008) Provisional Remedies, § 285, p. 225, citing *Kendall v. Foulks* (1919) 180 Cal. 171, 173.) "In determining the propriety of granting a preliminary injunction, the trial court does not decide the case on its merits; it merely decides whether or not a defendant's activities should be limited during the period before a final judgment is made." (*People ex rel. Gow v. Mitchell Brothers' Santa Ana Theater* (1981) 118 Cal.App.3d 863, 872.)

A preliminary injunction only operates up to the entry of final judgment. "At that time, either a permanent injunction is granted and the preliminary injunction is merged with it, or a permanent injunction is denied and the preliminary injunction ceases to have any effect." (6 Witkin, *supra*, at p. 226, citing *Shahen v. Superior Court* (1941) 46 Cal.App.2d 187, 188 and other authorities.) The permanent injunction may, and often does, differ from the preliminary injunction in its effect and terms. (*San Diego Water Co. v. Pacific Coast Steamship Co.* (1894) 101 Cal. 216, 220-221.)

### *Analysis*

When a trial court sustains a demurrer without leave to amend as to causes of action that might have supported a preliminary injunction in favor of a plaintiff, that plaintiff's appeal from the order denying the preliminary injunction is moot. (*MaJor v. Miraverde Homeowners Assn.* (1992) 7 Cal.App.4th 618, 623) To avoid this result, the plaintiff may request a stay of trial court proceedings while the appeal from the denial of the preliminary injunction is pending. (*Id.* at pp. 623-624.) Hinojos did not request a stay.

Since the trial court sustained NBH's demurrer to Hinojos's third amended complaint without leave to amend, Hinojos's appeal from the order denying the preliminary injunction is moot as to NBH.

After Hinojos filed his First Appeal, the trial court entered a final judgment as to each of the defendants, except Brychcova. Hinojos voluntarily dismissed Brychcova. NBH obtained a judgment of dismissal after the trial court sustained its demurrers to the third amended complaint without leave to amend. And Hinojos obtained default judgments against Eagle Crest in February 2015, and against Asset Ventures, Martinez, and Trustee Corps in February 2016. Each of these judgments was a final judgment. Upon entry of those judgments, a preliminary injunction would have ceased to have any effect.

Since the trial court has finally adjudicated Hinojos's claims as to each of the defendants, except Brychcova, even if we were to reverse the trial court's order denying the request for a preliminary injunction, it would be impossible to grant Hinojos any effectual relief, because the time during which the preliminary injunction would operate has passed. And a preliminary injunction would not have any effect as to Brychcova, since she was dismissed from the action. For these reasons, we conclude this appeal is moot.

Hinojos argues that a preliminary injunction is "necessary to prevent any . . . adverse action against the property by [NBH]." But NBH is not the party that foreclosed, and after it assigned its interest to Asset Ventures, it did not have the right to foreclose.

Hinojos also argues that a preliminary injunction is necessary for him to collect attorney fees against NBH pursuant to: (1) Civil Code section 1717, which governs recovery of attorney fees "in any action on a contract"; (2) Code of Civil Procedure section 1021.5, the private attorney general statute; and (3) Civil Code sections 2924.12, subdivision (i), and 2924.19, subdivision (h), which are part of the HBOR. None of these statutes provide for an award of attorney fees upon the grant of a preliminary injunction. Under Civil Code section 1717, fees are awarded to a "prevailing party." Under Code of Civil Procedure section 1021.5, fees are awarded "to a successful party." And under

9

Civil Code sections 2924.12, subdivision (1), and 2924.19, subdivision (h), fees are awarded to a "prevailing borrower." Whether a party or a borrower has prevailed or succeeded is generally determined at the conclusion of the litigation, after a preliminary injunction has been dissolved. Given the interim nature of a preliminary injunction, appellate review of the trial court's order denying the preliminary injunction is not necessary to determine whether Hinojos may recover attorney fees. We therefore conclude that a preliminary injunction is not necessary for Hinojos to collect attorney fees against NBH.

## DISPOSITION

The appeal is dismissed as moot. The parties shall bear their own costs on appeal.

_____
Márquez, J.

WE CONCUR:


_____
Bamattre-Manoukian, Acting P. J.




_____
Mihara, J.




Hinojos v. Asset Ventures LLC et al.
No. H040853