Filed 8/20/24  P. v. Fessler CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TIMOTHY JOHN FESSLER,<br><br>    Defendant and Appellant. | 2d Crim. No. B328774<br>(Super. Ct. No. KA128352)<br>(Los Angeles County) |

Timothy John Fessler appeals a judgment following conviction of assault with a deadly weapon (motor vehicle), with a finding of a prior serious felony strike conviction. (Pen. Code, §§ 245, subd. (a)(1), 667, subd. (d), 1170.12, subd. (b).)[1]  On appeal, Fessler raises the single issue of sufficiency of the evidence to establish the prior felony strike conviction.  We conclude that sufficient evidence supports the strike conviction finding and affirm.

---

[1] All statutory references are to the Penal Code.

*FACTUAL AND PROCEDURAL HISTORY*

On August 7, 2021, Juan Ortega, a maintenance employee at the Quality Inn, discovered that the electric cable to an air conditioner had been severed and the air conditioner was missing. Ortega noticed a vehicle parked near the hotel exit. He looked inside the vehicle and saw a portable air conditioner.

Fessler returned to the vehicle and Ortega confronted him. When Fessler accelerated the vehicle, Ortega jumped onto the hood. Fessler applied the vehicle brakes and Ortega jumped off. Fessler drove away and Ortega later identified him from a photographic lineup.

The jury convicted Fessler of assault with a deadly weapon but could not agree upon a charged count of robbery. In a separate proceeding, the trial court received evidence of Fessler's 2019 serious felony strike conviction for first degree burglary. (*People v. Fessler* (Super. Ct. San Bernardino County, 2019, No. FWV19000327).)

*Trial Court Exhibits 13A, 13B, and 14*
*Section 969b*

The prosecutor submitted two exhibits which he represented reflected the 2019 felony strike conviction. Exhibit 13A contained the case summary for San Bernardino County Superior Court Case No. FWV19000327; a felony complaint for that case; an executed declaration by defendant; and minute orders, including a February 7, 2019, order indicating that Fessler entered a nolo contendere plea to first degree burglary and received a grant of probation. The final page of the felony complaint states Fessler's date of birth as July 26, 1980. Fessler's signed declaration reflecting his plea also bears his date of birth as July 26, 1980.

2

Exhibit 13B contained a Department of Corrections and Rehabilitation chronological history from February 2006 through September 2009; an abstract of judgment for Los Angeles County Superior Court Case Nos. KA072003 and KA073621 (2005 conviction for receiving stolen property and 2006 conviction for unlawful driving of a vehicle); fingerprints; and a photograph of Fessler dated February 21, 2006.  The photograph in exhibit 13B is the only photograph of Fessler in the prosecution's exhibits.  The documents in exhibit 13B predate Fessler's 2019 strike conviction and do not reference Case No. FWV19000327.

Exhibit 14 is a certified 30-page rap sheet reflecting Fessler's date of birth as July 26, 1980.

Fessler waived a jury trial regarding the felony strike allegation.  He did not object to exhibits 13A, 13B, or 14.  The trial court found the strike allegation to be true.

The trial court sentenced Fessler to the upper term of four years and then doubled as a second strike conviction.  The court imposed  various fines and fees and awarded Fessler 585 days of presentence custody credit.  The court later granted the prosecutor's motion to dismiss the robbery count upon which the jury could not agree.

Fessler appeals and contends that 1) the prosecutor's exhibits to establish the felony strike conviction were not properly certified, and 2) exhibit 13B does not sufficiently reference the 2019 strike conviction.  By a supplemental letter brief dated May 27, 2024, Fessler states that he has examined the original exhibits and now concedes that the February 7, 2019, minute order in exhibit 13A is properly certified.

3

*DISCUSSION*

Fessler asserts that the documents in exhibit 13B predate his 2019 strike conviction and concern earlier convictions for other crimes. He adds that exhibit 13A contains no identifying information, such as a photograph or fingerprints.

Fessler has not forfeited his argument that insufficient evidence supports the finding of the serious felony strike conviction. "[A] defendant cannot forfeit 'his right to challenge the sufficiency of the evidence on which [a strike] allegation *was* found true until it *was* found true, and, then, only by failing to file a timely notice of appeal.' " (*People v. Hiller* (2023) 91 Cal.App.5th 335, 345.)

The prosecution bears the burden of establishing beyond a reasonable doubt that the defendant has suffered a prior strike conviction. (*People v. Brucker* (1983) 148 Cal.App.3d 230, 241.) The prosecution may meet this burden by introducing into evidence several types of evidence: certified copies of prison records pursuant to section 969b; certified copies of minute orders; or a certified copy of the abstract of judgment, among other documents. (*Ibid.*)

Here the certified February 7, 2019, minute order establishes that Fessler pleaded nolo contendere to first degree burglary and received a grant of formal probation with terms and conditions. Fessler's plea referenced count 1 of the felony complaint. Fessler admitted that his true name was the name charged and he also stated his date of birth. The amended felony information in the present case alleges the same name ("Timothy John Fessler") with an identical birth date of July 26, 1980.

"It has long . . . been the rule in California, in the absence of countervailing evidence, that *identity of person may be*

4

*presumed, or inferred, from identity of name.*" (*People v. Mendoza* (1986) 183 Cal.App.3d 390, 401.)  Fessler does not identify any countervailing evidence.  His relatively uncommon surname further supports the trial court's finding.  (See *People v. Sarnblad* (1972) 26 Cal.App.3d 801, 805-806 [Although photographic or fingerprint evidence may be utilized to prove priors, it is unnecessary when the name is sufficiently uncommon]; accord, *People v. Saez* (2015) 237 Cal.App.4th 1177, 1191.)  Moreover, Fessler's date of birth as represented in exhibit 13A and the present appellate record are identical.  Thus, we reject his claim of insufficient evidence.

 The judgment is affirmed.

 <u>NOT TO BE PUBLISHED.</u>

       GILBERT, P. J.

We concur:


  YEGAN, J.


  BALTODANO, J.

5

David C. Brougham, Judge

Superior Court County of Los Angeles

_____

Susan Morrow Maxwell, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.